

# NUMBER 13-13-00463-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, THE CHURCH OF
JESUS CHRIST OF LATTER-DAY SAINTS,
AND THE CORPORATION OF THE
PRESIDING BISHOP OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY SAINTS,                    Appellants,

v.

JOHN DOE,                                             Appellee.

---

On petition for permissive appeal from the
103rd District Court of Cameron County, Texas.

---

# MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion Per Curiam

Appellants, the Corporation of the President of the Church of Jesus Christ of Latter-day Saints, the Church of Jesus Christ of Latter-day Saints, and the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints (collectively, the Church), have filed a petition seeking permission to appeal an interlocutory order. *See* TEX. R. APP. P. 28.3(a) (requiring a party seeking to pursue a permissive appeal of an interlocutory order to petition the court of appeals for permission to appeal). We deny permission to appeal.

## I. BACKGROUND

In his original petition, Doe asserted that Eustacio Munioz sexually assaulted him on numerous occasions from 2002, when he was fourteen years old, through 2009, when he was twenty-one. Doe alleged that Munioz committed an intentional tort and that the Church was vicariously liability for the acts of Munioz, who Doe claimed was the Church's employee or agent at that time. Doe alleged that the Church was directly liable for, among other things, negligently hiring, training, retaining, and supervising Munioz when they knew or should have known of his dangerous propensities. Doe also claimed in his first amended petition that Munioz coerced and threatened him with reports of criminal prosecution if he reported the assaults or otherwise made a claim.

The Church filed a traditional motion for summary judgment.[1] In its motion, the Church contended that Doe's claims were time-barred by the applicable statute of limitations. Doe filed his response, asserting that there were fact issues and that the continuing tort doctrine and duress tolled limitations. After the trial court heard the

---

[1] The Church, not Munioz, filed the motion for summary judgment, and Munioz is not a party to the Church's petition for permissive appeal.

2

motion and received additional briefing regarding the tolling doctrines, the trial court generally denied the Church's motion for summary judgment.

Upon the Church's request that the trial court allow it to file a petition for permissive appeal, the trial court signed an amended order. The order again denied the Church's motion without providing a basis for the trial court's ruling. It set out the statutory language of section 51.014(d) and rule 168 and noted the following controlling question of law: "Are the Church Defendants entitled to summary judgment on their statute of limitations defense?" The Church timely filed its petition for permissive appeal in this Court. *See* TEX. R. APP. P. 28.3.

In its petition now before this Court, the Church contends that the following controlling questions of law are involved in its request for permission to appeal: (1) whether Doe's claims are barred by the applicable statute of limitations; and (2) whether the tolling theories asserted are legally applicable. In response to the Church's petition, Doe contends that the trial court correctly denied the Church's motion for summary judgment because there are fact issues that prevented the trial court from granting the motion.

## II. THE LAW

Section 51.014(d), (e), and (f) of the Texas Civil Practice and Remedies Code, Texas Rule of Civil Procedure 168, and Texas Rule of Appellate Procedure 28.3 delineate the procedure for filing a permissive appeal. Section 51.014(d) provides that a trial court may permit an appeal from an interlocutory order that would not otherwise be appealable "if the order involves a controlling question of law as to which there is a substantial ground for difference of opinion" and "an immediate appeal from the order

3

may materially advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West Supp. 2011). We strictly construe section 51.014, which provides for an interlocutory appeal as an exception to the general rule that only final judgments are appealable. *See City of Houston v. Estate of Jones*, 388 S.W.3d 663, 666 (Tex. 2012) (per curiam); *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 841 (Tex. 2007); *see also King-A Corp. v. Wehling*, No. 13-13-00100-CV, 2013 WL 1092209, at *3 (Tex. App.—Corpus Christi Mar. 14, 2013, no pet.) (mem. op.) (per curiam).

The petition for permissive appeal must contain a clear and concise argument regarding why the order to be appealed meets the requirements of section 51.014. *See* TEX. R. APP. P. 28.3; *see also* TEX. RULE CIV. P. 168. And the requesting party must establish that: (1) the order subject to appeal involves "a controlling question of law as to which there is a substantial ground for difference of opinion"; and (2) an immediate appeal "may materially advance the ultimate termination of the litigation." TEX. R. APP. P. 28.3; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); TEX. R. CIV. P. 168; *see also Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 207–08 (Tex. App.—San Antonio 2011, no pet.) (refusing a request for permission to appeal under the former version of section 51.014(d) because the trial court declined to make a substantive ruling on the controlling legal issue being appealed).[2]

---

[2] When the Legislature rewrote section 51.014(d), it eliminated the prior requirement that the parties agree to the appeal and reinstated a requirement that the court of appeals also permit the appeal. *See* Act of May 25, 2011, 82nd Leg., R.S., ch. 203, §§ 3.01, 6.01 [HB 274]. Because the relevant requirements for appeals under this section did not change, we find *Gulley v. State Farm Lloyds* and other cases discussing the former statute to be instructive. *See* 350 S.W.3d 204, 207–08 (Tex. App.—San Antonio 2011, no pet.).

In *Gulley*, the San Antonio Court explained that "[t]he legislature's institution of the procedure authorizing a trial court to certify an immediate appeal of an interlocutory order was premised on the trial court having first made a substantive ruling on the controlling legal issue being appealed." *Id* It also cited

4

## III. Discussion

Based on our review of the petition, the response, and the reply, we conclude that the Church has failed to establish that this case presents a controlling question of law. *See* Tex. R. App. P. 28.3. Although the trial court's order attempts to identify the controlling question as whether the Church is "entitled to summary judgment on [its] statute of limitations defense," we do not know the basis for the trial court's denial of the Church's motion for summary judgment. The trial court could have denied the Church's motion on any of the following: (1) the applicable statute of limitations did not bar Doe's claims; (2) duress tolled the statute of limitations; (3) the continuing-tort doctrine tolled the statute of limitations; or (4) material fact issues prevented the court from granting the motion. Without a substantive ruling by the trial court as to why it denied the Church's motion, no controlling question of law has been presented for our analysis. *See Gulley*, 350 S.W.3d at 207–08; *see also Colonial County Mut. Ins. Co. v. Amaya*, 372 S.W.3d 308, 310–11 (Tex. App.—Dallas 2012, no pet.) (supporting the proposition that the trial

the following cases to "illustrate the intended use of [predecessor] section 51.014(d) in situations where the trial court has made a substantive ruling on a pivotal issue of law": *Enterprise Prod. Partners, L.P. v. Mitchell*, 340 S.W.3d 476, 479 (Tex. App.—Houston [1st Dist.] 2011, pet. abated and cause subsequently dismissed) (op. on reh'g) (reviewing a trial court's order that ruled Texas, not Mississippi, law applied to the plaintiff's claims and that certified the order for an interlocutory appeal on this choice of law question); *Comcast Cable of Plano, Inc. v. City of Plano*, 315 S.W.3d 673, 675 (Tex. App.—Dallas 2010, no pet.) (determining whether the city's claim for breach of a franchise agreement was preempted by federal law as the controlling question of law, after the trial court denied Comcast's summary judgment motion based on preemption); *Kimbrell v. Molinet*, 288 S.W.3d 464, 465–66 (Tex. App.—San Antonio 2008), aff'd, 356 S.W.3d 407 (Tex. 2011) (addressing the denial of a summary judgment motion which asserted that a physician-defendant's joinder in a medical malpractice case was barred by limitations and determining the controlling question of law to be which statute of limitations applied); *Northside Indep. Sch. Dist. v. Dubose*, No. 04–06–00517–CV, 2007 WL 1481661, at *1 (Tex. App.—San Antonio May 23, 2007, no pet.) (mem. op.) (holding by trial court on cross-motions for summary judgment that the school district had waived its right to contest compensability of the employee's workers' compensation claim and identifying the issue of waiver as the controlling question in an agreed interlocutory appeal); *Stolte v. County of Guadalupe*, No. 04–04–00083–CV, 2004 WL 2597443, at *1 (Tex. App.—San Antonio 2004, no pet.) (reviewing an interlocutory appeal where the controlling question was whether the county had inherent authority to reject a plat application in the interest of public health). *Gulley*, 350 S.W.3d at 207–08.

5

court must make a substantive ruling on the controlling question of law that is the subject of the interlocutory appeal before the court of appeals has jurisdiction over the appeal); *State Fair of Tex. v. Iron Mountain Information Management, Inc.*, 299 S.W.3d 261, 263–64 (Tex. App.—Dallas, no pet. 2009) (same); *Diamond Prods. Int'l v. Handsel*, 142 S.W.3d 491, 494 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ("The statute does not contemplate permissive appeals of summary judgments where the facts are in dispute.").

We have thoroughly reviewed the petition, the response, the reply, and supporting documents submitted both by the Church and Doe. Given the limited nature of interlocutory appeals and the requirement that we construe statutes authorizing such appeals strictly, we conclude that the Church has not satisfied the statutory requirements of section 51.014(d). *See City of Houston*, 388 S.W.3d at 666.

## IV. CONCLUSION

Accordingly, we deny the Church's petition for permissive appeal.

PER CURIAM

Delivered and filed the 10th
day of October, 2013.

6