**Opinion issued November 6, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00193-CV

———————————

**FERTITTA HOSPITALITY, LLC, APPELLANT**
**V.**
**DANIEL COLE O'BALLE, APPELLEE**

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-64803**

---

## MEMORANDUM OPINION

Daniel Cole O'Balle and eleven others sue Fertitta Hospitality, LLC for injuries sustained during a wedding reception melee at the San Luis Hotel in Galveston. Relying on former section 51.014(d) of the Civil Practice and Remedies Code and Texas Rule of Appellate Procedure 28.2, the parties appeal

from the trial court's interlocutory summary judgment order.[1] At our request, the parties provided supplemental jurisdictional briefing. We conclude that we lack appellate jurisdiction over the interlocutory order; we therefore dismiss the appeal.

**Background**

The plaintiffs sue Fertitta for ordinary negligence; negligence per se; negligent supervision, training, and hiring; premises liability; and gross negligence. According to the plaintiffs' pleadings, the incidents giving rise to their injuries were sparked by a dispute between O'Balle and Christopher Sanderson, an off-duty City of Galveston police officer, who was working as a security guard for Fertitta. The plaintiffs' claims involve Sanderson's conduct, as well as that of a non-officer Fertitta-employed security guard and of additional members of the Galveston police force eventually called to the scene. The officers arrested O'Balle and charged him with resisting arrest; O'Balle ultimately pleaded no contest to public intoxication.

The plaintiffs' claims emerge from a single evening, but not a single incident: the alleged wrongful conduct spans several locations and involves different people and different officers at different times, allegedly in different

---

[1] *See* Act of May 27, 2005, 79th Leg. R.S., ch. 1051, § 1, 2005 Gen. Laws 3512, 3513 (applying to lawsuit filed on or after September 1, 2005), *amended by* Act of May 25, 2011, 82nd Leg., ch. 203, § 3.01, 2011 Tex. Gen. Laws 758, 759 (current version at TEX. CIV. PRAC. & REM. CODE ANN § 51.014 (West 2014); TEX. R. APP. P. 28.2.

roles. The plaintiffs, the security guards, and the responding officers report vastly different versions of what transpired.

Fertitta moved for summary judgment against O'Balle and ten of the eleven plaintiff wedding guests, contending that Fertitta is not vicariously liable for the conduct of any of the Galveston police officers, including Sanderson. Because Sanderson had called the police for assistance before he allegedly injured O'Balle, Fertitta argues that Sanderson had assumed the status of an active, on-duty officer. Fertitta similarly disclaims vicarious liability for the injuries alleged by ten of the plaintiffs because they resulted from contact with on-duty Galveston police officers who responded to Sanderson's call. Fertitta also challenges the proximate cause element of the plaintiffs' claims. The trial court denied summary judgment as to O'Balle's claims, but granted partial summary judgment in favor of Ferttita on the other ten guests' claims.

The parties sought permission to file an interlocutory appeal of the interlocutory summary judgment order under the provision of the Civil Practice and Remedies Code applicable to cases filed before September 1, 2011. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West 2014); *see also* TEX. R. APP. P. 28.3 cmt. (explaining that 2011 amendments, which eliminate requirement that parties agree to appeal and reinstated requirement that court of appeals also permit appeal,

apply only to cases filed on or after September 1, 2011). The trial court's order

granting permission to appeal declares that:

> the Court has made the following substantive rulings on controlling questions of law as the basis for its order for this Order on the Motion for Summary Judgment:
>
> (1) There is a genuine issue of material fact as to the status of Christopher Sanderson as an on-duty police officer at the time that he allegedy injured Plantiff Daniel Cole O'Balle.
>
> (2) Defendant Fertitta Hospitality LLC owed no duty to Plaintiffs Brandon A. Backe, Shannon Belluomini, Chris Cornwell, Matthew L. Goodson, Michael R. McMillan, Gilbert E. O'Balle, Jr., Justin Packard, Calvin Silva, Aaron Trevino, and Charles Young; and owed no duty to Plaintiff Daniel Cole O'Balle if Christopher Sanderson was acting as an on-duty police officer at the time that he allegedly injured Plaintiff Daniel Cole O'Balle; because:
>
> - Plaintiffs must meet the foreseeability test set forth by the Court in *Timberwalk Apartments v. Cain*, 972 S.W.3d 749 (Tex. 1998), and they failed to do so.
>
> - A premises owner owes no duty to patrons on the premises to protect against the tortious or illegal acts of police officers called to the premises;
>
> - Injuries to patrons on the premises caused by police officers called to the premises are not foreseeable to the premises owner as an element of duty.
>
> - Plaintiffs argue that they are not required to meet the foreseeability test set forth by the Court in *Timberwalk Apartments v. Cain*, 972 S. W.3d 749 (Tex. 1998) because they plead in the alternative that this case involves negligent activity. Even if Plaintiffs are correct, summary judgment is proper because a premises owner owes no duty to patrons on the premises to protect against the tortious or illegal acts of police officers called to the premises and because injuries to patrons on the premises caused by police officers called to the premises are not foreseeable to the premises owner as an element of duty.

4

(3) Any breach of a duty by Defendant Fertitta Hospitality LLC was not the proximate cause of any damages to Plaintiffs Brandon A. Backe, Shannon Belluomini, Chris Cornwell, Matthew L. Goodson, Michael R. McMillan, Gilbert E. O'Balle, Jr., Justin Packard, Calvin Silva, Aaron Trevino, and Charles Young; and to Plaintiff Daniel Cole O'Balle if Christopher Sanderson was acting as an on-duty police officer at the time that he allegedly injured Plaintiff Daniel Cole O'Balle, because such damages were not foreseeable to Defendant Fertitta Hospitality LLC.

The ruling above does not finally determine the parties' disputes, which continue both in state and federal court. The parties seek interim review of it.

## Appellate Jurisdiction

To seek appellate review of this interlocutory order—one that would not otherwise be appealable—the parties must establish that: (1) the order involves a "controlling question of law as to which there is a substantial ground for difference of opinion" and (2) an immediate appeal from the order "may materially advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); TEX. R. APP. P. 28.3(e)(4); TEX. R. CIV. P. 168.

Fertitta relies on *Gulley v. State Farm Lloyds*, 350 S.W.3d 204 (Tex. App.—San Antonio 2011, no pet), to contend that the parties' agreement that the trial court's order meets these two requirements, standing alone, establishes jurisdiction under the applicable version of the statute. In *Gulley*, an insurer and a homeowner sought the trial court's resolution, through competing summary judgment motions, of whether the homeowner's insurance policy covered a below-slab plumbing leak.

*Id.* at 205. The resolution of the case depended on which of two different policy provisions—the dwelling foundation endorsement or the water damage endorsement—applied. *Id.* at 206. The trial court did not rule on the issue, but agreed with the parties that the question controlled the resolution of the dispute. *Id.* at 207.

The San Antonio Court of Appeals accepted jurisdiction over the appeal, but did not answer the question presented, observing that it had not been answered in the trial court. *Id.* at 208. It explained that section 51.014(d) was not a mechanism for presenting a certified question to a court of appeals, and thus held that the trial court erred in declining to rule. *Id.* at 207–08.

The mandamus-like relief provided in *Gulley* does not inform our application of section 51.014(d) to this case. We disagree that the parties' agreement alone confers appellate jurisdiction; rather, our jurisdiction derives solely from Texas's Constitution and statutes. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 146 (Tex. 2012). We independently determine whether we have jurisdiction over an appeal, even if no party contests jurisdiction. *M.O. Dental Lab. v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). We strictly apply statutes permitting interlocutory appeals because they comprise a narrow exception to the general rule that interlocutory orders are not immediately appealable. *CMH Homes v. Perez.* 340 S.W.3d 444, 447–48 (Tex. 2011). And section 51.014(d)

6

requires more than the parties' agreement: in addition, we must find that a controlling question of law exists and an appellate ruling on it will materially advance the litigation. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d). The record does not support either conclusion.

Generally, an appeal may be taken from an order denying a summary judgment only if a statute specifically authorizes one; otherwise a denial is nothing more than a determination that a material fact issue exists. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The court's ruling in this case recites that "fact issues remain" as to whether Sanderson was acting in the role of an on-duty officer when he allegedly injured Cole.

An off-duty designation is not dispositive of whether an officer was acting outside the scope of his authority, because a peace officer who discharges duties generally assigned to him acts in his official capacity. *Dillard's, Inc. v. Newman*, 299 S.W.3d 144, 148 (Tex. App.—Amarillo 2008, pet. denied) (citing *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994)). A private employer may be liable when an off-duty officer is "engaged in protecting the employer's property, ejecting trespassers, or enforcing rules and regulations promulgated by the employer." *Mansfield v. C.F. Bent Tree Apt. Ltd. P'ship*, 37 S.W.3d 145, 150 (Tex. App.—Austin 2001, no pet.). In contrast, if the officer acts to enforce general laws, the private employer incurs no vicarious responsibility. *Id.* For

7

example, the existence of reasonable suspicion to detain a person for investigation may trigger an officer's public duty. *Morgan v. City of Alvin*, 175 S.W.3d 408, 416 (Tex. App.—Houston [1st Dist.] 2004, no pet.). The determination of whether an off-duty officer is acting within the scope of his private employment or his public authority generally "presents embedded fact issues that are best left to the trier of fact." *Dillard's*, 299 S.W.3d at 148.

In *Mansfield*, the Austin Court of Appeals decided that the officer was performing his public duty, because the officer identified himself and displayed his badge to the plaintiff before arresting him. *See* 37 S.W.3d at 150. Similarly, in *Ogg v. Dillard's, Inc.*, the Dallas Court of Appeals affirmed summary judgment dismissing the plaintiffs' claims because an off-duty officer working as a security guard arrested the plaintiff in the course of investigating him for possible credit card abuse. 239 S.W.3d 409, 419 (Tex. App.—Dallas 2007, pet. denied). Regardless of the reason for the initial detention, our sister court held, the officer acted in his public capacity when he arrested the plaintiff. *Id.* at 414–15, 419.

In both *Mansfield* and *Ogg*, the alleged wrongful conduct and injuries occurred under circumstances alerting the plaintiff that he was under arrest. In contrast, this case presents a continuum of allegedly wrongful conduct and disputes as to whether Fertitta retained control over the off-duty officer and the premises. In ruling that fact issues remain, the trial court's order does not purport to

determine a controlling legal issue. Neither party identifies any statutory or Texas Supreme Court authority that supports or rejects a rule of decision that is so outcome-determinative as to materially advance the litigation; the trial court itself determined that it was the existence of questions of fact that precluded summary judgment. The parties relate the facts of this case to existing case law and argue the application of that authority to the facts at hand. But they do not agree on the authority that controls or about the facts. In this sense, the complained-of order is not different than any other denial of a summary-judgment motion.

We decline to confer appellate jurisdiction over the appeal because we discern no line for granting it other than that the parties have agreed to it. "The legislature's institution of this procedure authorizing a trial court to permit an immediate appeal of an interlocutory order is . . . premised on the trial court having first made a substantive ruling on the controlling legal issue being appealed." *Borowski v. Ayers*, 432 S.W.3d 344, 347 (Tex. App.—Waco 2013, no pet.), *quoted in Great Am. E&S Ins. Co. v. LaPolla Indus., Inc.*, No. 01-14-00372-CV, 2014 WL 2895770, at *2 (Tex. App.—Houston [1st Dist.] June 24, 2014, no pet.) (per curiam). Because the parties have identified neither a controlling legal principle nor an agreed set of facts, the trial court's denial of Fertitta's motion for summary judgment is not a ruling on a controlling issue of law that section 51.014(d) requires.

For similar reasons, we reject the attempted interlocutory appeal of the trial court's summary judgment in favor of Fertitta on the claims brought by the guests involving the responding officers. The ten guests appeal the trial court's summary judgment rulings that (1) Fertitta owed no duty to them for any alleged injuries arising out of the conduct of the on-duty police officers called to their premises, and (2) any breach of duty was not the proximate cause of the plaintiffs' alleged injuries. The guests contend that the trial court erred in its application of concepts of duty for the criminal conduct of another and the corresponding foreseeability of the harm they sustained. They observe that an appellate ruling will "enable a more meaningful evaluation of the case," but concede that the litigation will continue with remaining claims and remaining defendants, regardless of this appeal. A "meaningful evaluation" standard would apply to our review of nearly any trial court ruling. It does not present a discernible demarcation for "controlling issues" or "material advancement" when balanced against the costs of serial interim appellate rulings. The guests have a remedy at hand: to sever these claims from those that remain and appeal the judgments against them, or to appeal the summary judgment rulings upon this dispute's final conclusion. Orders granting summary judgment are appealable upon severance. *See Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001) (per curiam) ("As a rule, the severance of an interlocutory judgment into a separate

cause makes it final."). We hold that we do not have jurisdiction over the cross-appeal of the interlocutory partial summary judgment order.

## Conclusion

Because the challenged trial court rulings do not meet the requirements for an interlocutory appeal pursuant to the then-applicable statute, we dismiss the appeal for want of subject-matter jurisdiction.


Jane Bland
Justice

Panel consists of Justices Higley, Bland, and Sharp.