

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00521-CV

**ESTATE OF REBECCA QUIRIN MARSHALL**, Deceased

From the Probate Court No. 1, Bexar County, Texas
Trial Court No. 2014-PC-3055
Honorable Kelly Cross, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Jason Pulliam, Justice

Delivered and Filed:  September 9, 2015

PETITION FOR PERMISSIVE APPEAL DENIED; REMANDED

Rebecca Quirin Marshall and others sued Respondents over title to a mineral estate and reversionary interests in three leases. After Rebecca Quirin Marshall passed away, some claims were nonsuited, and a probate proceeding was initiated in Bexar County Probate Court No. 1. Petitioner Rebecca Genevieve Hanna, as Independent Executrix of the Estate of Rebecca Quirin Marshall, Deceased, maintained the suit against Respondents Turnbull Land & Cattle, Ltd., Paul R. Turnbull, III, Individually, Rebecca Turnbull Crow, Individually, and PRTJRT, LLC. The parties filed competing motions for summary judgment, and the trial court[1] granted Respondents' motion and denied Petitioner's motion. The suit was then transferred to the probate court, and the

---

[1] The Honorable Stella Saxon, former presiding judge of the 81st District Court of Karnes County, Texas.

court signed an order granting permission for a permissive appeal.[2]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West 2014); TEX. R. APP. P. 28.3; TEX. R. CIV. P. 168.

Generally, an order that does not dispose of all claims and all parties is interlocutory and is not an appealable order.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 206 (Tex. App.—San Antonio 2011, no pet.).  The legislature has authorized interlocutory appeals in certain exceptions, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014, but we construe those exceptions narrowly, *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001); *Gulley*, 350 S.W.3d at 206.

Here, the trial court's order granting permission to appeal does not "state why an immediate appeal may materially advance the ultimate termination of the litigation."  *Contra* TEX. R. CIV. P. 168; *Gulf Coast Asphalt Co., L.L.C. v. Lloyd*, 457 S.W.3d 539, 545 (Tex. App.—Houston [14th Dist.] 2015, no pet.).  To the contrary, the order notes "the case should be prepared for trial since there are other issues that need to be developed for trial."  *Contra* TEX. R. CIV. P. 168; *Gulf Coast Asphalt*, 457 S.W.3d at 545.

Having considered the petition, we conclude it failed to meet the requirements for a permissive appeal.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); TEX. R. APP. P. 28.3; TEX. R. CIV. P. 168; *Gulf Coast Asphalt*, 457 S.W.3d at 545.  We deny the petition and remand this cause to the trial court.

PER CURIAM

---

[2] The Honorable Kelly Cross, presiding judge of Bexar County Probate Court No. 1, signed the order.