

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00085-CV
_____


MICHAEL C. HOWARD AND VIRGINIA D. HAMILTON, Appellant

V.

MATTERHORN ENERGY, LLC, AND MIKE CHERRY, Appellee



On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 19-0998



Before Morriss, C.J., Burgess and Stevens, JJ.

## ORDER

Michael C. Howard and Virginia Hamilton have filed a petition for a permissive appeal from the trial court's denial of their motion for partial summary judgment against Matterhorn Energy, LLC, and Mike Cherry. To be entitled to a permissive appeal, a party must establish that (1) the order subject to appeal involves "a controlling question of law as to which there is a substantial ground for difference of opinion" and (2) an immediate appeal "may materially advance the ultimate termination of the litigation." TEX. R. APP. P. 28.3(e)(4). Because we conclude that these requirements were not met, we deny the petition for a permissive appeal.

## I. Factual and Procedural Background

Michael C. Howard and Virginia Hamilton (Lessors) own approximately 46.75% of the mineral rights in 1,183.585 acres of land that is considered Tier 1 of the Haynesville Shale Play located in Harrison County, Texas (Property). On November 28, 2017, Lessors leased the Property to Matterhorn Energy, LLC, for a three-year term. In September 2019, before the lease term expired, Lessors sued Matterhorn Energy, LLC, and its president, Mike Cherry (collectively Matterhorn), for common law fraud, fraud by non-disclosure, negligent misrepresentation, and breach of contract, among other things, and sought both damages and recission of the lease. The gravamen of Lessors' complaints focused on the lack of drilling and development activity by Matterhorn. Lessors also filed a notice of lis pendens containing notice of the lawsuit, which said that Lessors were seeking recission of the lease and that the action was "for a declaration that the Lease[] purporting to encumber the Property [was] void as a matter of law and . . . of no force and effect on the Property."

2

In response, because the lawsuit was filed before the expiration of the lease term, Matterhorn counterclaimed for breach of the lease agreement and its notice provisions, for anticipatory breach, and for equitable estoppel because of Lessors' alleged representations that they would give Matterhorn three years to develop and market oil, gas, and other minerals on the Property. Matterhorn also asserted a claim for wrongful lis pendens pursuant to Chapter 12 of the Texas Property Code and alleged that Howard had made false misrepresentations to third parties about Matterhorn before the litigation was filed. As a result of pre-suit "communication[s] with third parties regarding the leased acreage," pre-suit "verbal[] . . . accusations to prospective buyers" of Matterhorn's interest in the Property, and the alleged wrongful lis pendens, Matterhorn filed counterclaims for tortious interference with an existing contract, tortious interference with prospective business relations, and business disparagement.

Lessors filed a traditional motion for summary judgment on all of Matterhorn's counterclaims and a no-evidence motion for summary judgment on Matterhorn's counterclaims for breach of contract, tortious interference with existing contract, tortious interference with prospective business relations, and business disparagement claims. Both are the subject of this permissive appeal. As for its traditional motion, Lessors asserted that Matterhorn's claims were absolutely barred by the judicial proceedings privilege.[1]

---

[1] "Under the judicial-proceedings privilege, '[c]ommunications in the due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made.'" *Landry's, Inc. v. Animal Legal Def. Fund*, 566 S.W.3d 41, 57 (Tex. App.—Houston [14th Dist.] 2018, pet. granted) (quoting *James v. Brown*, 637 S.W.2d 914, 916–17 (Tex. 1982) (per curiam)). "The judicial-proceedings privilege is not limited to statements made in pending cases, but applies 'to any statement that bears some relation to an existing or proposed judicial proceeding.'" *Id.* at 58 (quoting *Fitzmaurice v. Jones*, 417 S.W.3d 627, 633 (Tex. App.—Houston [14th Dist.] 2013, no pet.), *disapproved on other grounds by In re Lipsky*, 460 S.W.3d 579, 586

In its response to the partial summary judgment motion, Matterhorn argued that adequate time for discovery had not yet passed; that absolute privilege did not apply to Howard's pre-suit statements; and that there were genuine issues of material fact provided by Howard's deposition of his pre-suit statements to third parties, the terms of the lease agreement, and statements made in affidavits from Cherry and William D. Farrar, an oil and gas adjunct professor at Baylor Law School.

After a hearing, the trial court denied Lessors' traditional and no-evidence motion for partial summary judgment in a generic order that did not specify the reasons or grounds for denying the motion. The trial court later amended the order to certify the following questions urged by Lessors' permissive appeal:

1.  Whether the litigation privilege applies absolutely to plaintiffs' act of filing a suit and filing a notice of lis pendens notifying the public of such suit, as well as plaintiffs' pre and post suit communications regarding their claims against both defendants which found their way into the suit they actually filed.
2.  Can defendant Matterhorn's attempt to prove a prima facie case supporting each element of their tort and contract claims be supported by

---

(Tex. 2015)). "[T]he judicial-proceedings privilege applies to counsel, parties, and witnesses, among others." *Id.* at 57 (citing *James*, 637 S.W.2d at 916–17).

"The test for whether a communication is absolutely privileged when it occurs before judicial proceedings have begun entails both subjective and objective components." *Shell Oil Co. v. Writt*, 464 S.W.3d 650, 655 (Tex. 2015) (citing RESTATEMENT (SECOND) OF TORTS § 588 cmt. e (1977) ("As to communications preliminary to a proposed judicial proceeding, the rule . . . applies only when the communication has some relation to a proceeding that is actually contemplated in good faith and under serious consideration by the witness or a possible party to the proceeding.")). "[T]he possibility of a proceeding must have been a serious consideration at the time the communication was made." *Id.* (citing RESTATEMENT (SECOND) OF TORTS § 588 cmt. e) ("The bare possibility that the proceeding might be instituted is not to be used as a cloak to provide immunity for defamation when the possibility is not seriously considered.")); *United States v. Baggot*, 463 U.S. 476, 484 (1983) ("The words 'preliminary to' necessarily refer to judicial proceedings not yet in existence, where, for example, a claim is under study."). In sum, "[o]bjectively, the statement must be related to the proposed litigation; subjectively, the proceeding must have been actually contemplated in good faith and under serious consideration when the statement was made." *Landry's, Inc.*, 566 S.W.3d at 58 (citing *Shell Oil Co.*, 464 S.W.3d at 654–55)).

4

evidence and witnesses who were not identified in discovery prior to the Court's consideration of . . . the motion[] for summary judgment.

3.  Could defendant Matterhorn carry its burden of proof to show some evidence of damages when it had disclosed no damages in discovery at the time of the hearing on the motion for summary judgment.

Lessors petition this Court to allow a permissive appeal from the denial of their traditional and no-evidence motion for partial summary judgment.[2]

## II.  The Requirements for Permissive Appeal Are Not Met

"Generally, '[a]n appeal may be taken only from a final judgment, unless a statute specially authorizes an interlocutory appeal.'" *In re Estate of Fisher*, 421 S.W.3d 682, 683 (Tex. App.—Texarkana 2014, no pet.) (quoting *Borowski v. Ayers*, 432 S.W.3d 344, 347 (Tex. App.—Waco 2013, no pet.) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001))).  The trial court's interlocutory summary judgment order is otherwise unappealable unless jurisdiction is conferred by Section 51.014(d), which states,

> On a party's motion or on its own initiative, a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if:
>
> (1)  the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and
>
> (2)  an immediate appeal from the order may materially advance the ultimate termination of the litigation.

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); *see* TEX. R. APP. P. 28.3; TEX. R. CIV. P. 168.

"We strictly construe this section permitting interlocutory appeal." *Fisher*, 421 S.W.3d at 684;

---

[2]Lessors also moved to dismiss Matterhorn's counterclaims under the Texas Citizen's Participation Act (TCPA), but the trial court denied the motion.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003.  Lessors have appealed the trial court's conclusions that Matterhorn's counterclaims do not require dismissal under the TCPA.  Pursuant to Section 51.014(a)(12) of the Texas Civil Practice and Remedies Code, we have jurisdiction to address the trial court's interlocutory order denying Lessors' TCPA dismissal motion, and briefing on that issue is currently pending.

*see City of Houston v. Estate of Jones*, 388 S.W.3d 663, 666 (Tex. 2012) (per curiam); *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 841 (Tex. 2007); *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001).

### A.     Nothing Shows That the Trial Court Decided a Controlling Question of Law

Lessors raised two issues in their permissive appeal.  The first was whether their actions, as described by Matterhorn's counterclaims, were barred by absolute privilege.  The second was whether Matterhorn provided evidence for each element of its counterclaims "including the common element in all of its claims of damages cause[d] by [Lessors] when it was required to but failed to disclose any damages resulting from [the] alleged breaches and torts?"  Nothing shows that the trial court actually decided these issues.

"Section 51.014(d) is not intended to relieve the trial court of its role in deciding substantive issues of law properly presented to it." *Armour Pipe Line Co. v. Sandel Energy, Inc.*, No. 14-16-00010-CV, 2016 WL 514229, at *4 (Tex. App.—Houston [14th Dist.] Feb. 9, 2016, no pet.) (mem. op.) (quoting *Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 208 (Tex. App.—San Antonio 2011, no pet.)).  "The legislature's institution of the procedure authorizing a trial court to certify an immediate appeal of an interlocutory order was premised on the trial court having first made a substantive ruling on the controlling legal issue being appealed." *Id.* (quoting *Fisher*, 421 S.W.3d at 684–85).  "A partial summary judgment does not necessarily decide a controlling question of law." *Id.* (citing *Fisher*, 421 S.W.3d at 684–85).  Where, as here, "a trial court in its order on a motion for summary judgment provides no basis for its denial, the trial court fails to make [a] substantive ruling on the controlling question of law sought to be

appealed." *Id.* (citing *Great Am. E & S Ins. Co. v. Lapolla Indus., Inc.*, No. 01-14-00372-CV, 2014 WL 2895770, at *2–3 (Tex. App.—Houston [1st Dist.] June 24, 2014, no pet.) (mem. op.)); *see De La Torre v. AAG Properties, Inc.*, No. 14-15-00874-CV, 2015 WL 9308881, at *2 (Tex. App.—Houston [14th Dist.] Dec. 22, 2015, no pet.) (mem. op.) ("[T]he record does not show that the trial court ruled on the substantive controlling issues of law that it identified. Instead, the trial court submitted the issues for this court to decide, which is not a proper use of the permissive interlocutory appeal procedure.").

The trial court's amended partial summary judgment order does not provide the basis for the trial court's summary judgment rulings or identify on which grounds the court denied the motions for summary judgment. The order also fails to expressly state that the trial court has ruled on a controlling question of law. Given that no discovery deadlines had been set and depositions were pending at the time of the summary judgment hearing, the trial court could have simply denied the motion based on Matterhorn's argument that adequate time for discovery had not yet passed. Because nothing shows that the trial court addressed the issues raised by the application for a permissive appeal, the permissive interlocutory appeal is not proper. *See id.*; *De La Torre*, 2015 WL 9308881, at *2.

In any event, as explained below, even had a controlling question of law been presented and properly ruled on, nothing shows that an immediate appeal would materially advance the termination of the litigation.

7

**B. Immediate Appeal Will Not Materially Advance the Termination of the Litigation**

The trial court's amended order recited that an immediate appeal of its interlocutory summary judgment order would materially advance the ultimate termination of the litigation because:

(1) [Lessors] are pursuing an interlocutory appeal of the same issues presented to this Court in a motion to dismiss pursuant to Chapter 27 of the Texas Civil Practice & Remedies Code which this Court also denied, which appeal stays this action in its entirety; and

(2) if defendant Matterhorn's counterclaims are to be summarily disposed of by either [Lessors]' motions for summary judgment or their motion pursuant to Chapter 27 of the Texas Civil Practice & Remedies Code, significant discovery in support of the counterclaims will be avoided, as well as motion practice concerning such discovery, which has already been filed and heard and has yet to be heard by this Court.

Even so, the fact that this Court will address the trial court's ruling under the TCPA does not explain why it is also necessary to address the denial of the partial summary judgment motion, and the statement that a ruling on immediate appeal will curtail unnecessary discovery "falls short because it does not identify what claims and issues remain to be decided in the litigation so that our court may evaluate whether the remaining disputes and issues are substantial and dependent on the questions of law that appellants seek to appeal." *Armour Pipe Line Co.*, 2016 WL 514229, at *3.

"[T]he Texas Rules of Appellate Procedure require the petition for permissive appeal to 'argue clearly and concisely why the order to be appealed involved a controlling question of law as to which there is a substantial ground for difference of opinion.'" *Fisher*, 421 S.W.3d at 685

(quoting TEX. R. APP. P. 28.3(e)(4)).  This was not done.  To show how an immediate appeal will materially advance the termination of the litigation, Lessors merely argued:

> As shown by appellee Matterhorn's supplemental designation of the clerk's record, its counterclaims involve a blizzard of non-party witness depositions, many of which not surprisingly, resulted in resistance by those third parties to participation in a lawsuit having nothing to do with them. . . . In addition to the time, expense and complexity to be encountered in attempting to discover Matterhorn's counterclaims through unwilling third party witnesses, trying the counterclaims which have nothing to do with the gist of appellants' suit—which is fraudulent inducement of a lease and failure to perform that lease—will significantly expand both the time and the cost necessary to try the case.

In this case, Lessors' many claims against Matterhorn and Matterhorn's defenses to those claims, including equitable estoppel, were not impacted by the trial court's summary judgment order.  Also, while judicial or absolute privilege could potentially apply to some of Matterhorn's counterclaims, Lessors have failed to explain how it could apply to Matterhorn's counterclaims for breach or its anticipatory breach claims.

Where several other issues are left pending in the litigation, ultimate termination of the litigation is not advanced by allowing immediate appeal of an otherwise interlocutory order.  *Harden Healthcare, LLC v. OLP Wyoming Springs, LLC*, No. 03-20-00275-CV, 2020 WL 6811994, at *1 (Tex. App.—Austin Nov. 20, 2020, no pet.) (mem. op.) (citing *Trailblazer Health Enters.*, 2013 WL 5373271, at *1).  The purpose of a permissive appeal is "to provide a means for expedited appellate disposition of focused and potentially dispositive legal questions." *Armour Pipe Line Co.*, 2016 WL 514229, at *4.  This purpose is not served if this procedure is used to obtain piecemeal appellate review of ordinary interlocutory summary judgment orders. *Id.*

Because we conclude that an immediate appeal will not advance the ultimate termination of the litigation, the permissive appeal is improper.

**III.    Conclusion**

We deny the petition for permissive appeal.

BY THE COURT

Date:    December 29, 2020