*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# OPINION

No. 04-11-00076-CV

Dora **GULLEY**,
Appellant/Cross-Appellee

v.

**STATE FARM LLOYDS**,
Appellee/Cross-Appellant

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-03371
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Karen Angelini, Justice
            Phylis J. Speedlin, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  May 11, 2011

REVERSED AND REMANDED

This is an agreed interlocutory appeal pursuant to section 51.014(d) of the Texas Civil Practice and Remedies Code arising out of an insurance coverage case. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West 2008).  Because we conclude the trial court erred in failing to decide the substantive legal issue presented by the competing summary judgment motions, we reverse and remand for further proceedings in the trial court.

## BACKGROUND AND PROCEDURAL HISTORY

Dora Gulley made a claim under her homeowners insurance policy for damage caused by foundation movement resulting from a below-slab plumbing leak.  State Farm found the damage was covered under the Dwelling Foundation Endorsement to the policy which covered "settling, cracking, shrinking, bulging, or expansion of the foundation . . . caused by . . . leakage of water . . . within a plumbing . . . system;" therefore, Gulley's claim was subject to the endorsement's 15% coverage limitation.  Gulley accepted the payment, but later sued State Farm for breach of contract contending she was entitled to additional benefits under a different policy endorsement she had purchased, the Water Damage Endorsement which covered "deterioration . . . caused by the continuous or repeated . . . leakage of water . . . from a plumbing system."

Both parties filed competing summary judgment motions asserting their particular interpretation of the endorsements to the insurance policy was conclusively established as a matter of law.  Plaintiff Gulley filed a traditional motion for partial summary judgment asserting the damage was covered under the Water Damage Endorsement, as well as the Dwelling Foundation Endorsement under which she had already recovered.  State Farm filed a cross-motion for traditional summary judgment asserting the damage was covered under *only* the Dwelling Foundation Endorsement, and was therefore subject to the 15% cap.  State Farm's motion also included a no-evidence portion with respect to Gulley's claim for additional living expenses.

On July 10, 2009, the trial court signed a general order denying both summary judgment motions.  Thereafter, Gulley filed a second motion for partial summary judgment with additional evidence, and State Farm filed a motion to reconsider its cross-motion for summary judgment as well as a new "Motion for Summary Judgment Regarding Actual Injury Rule, Non-Fortuitous

Loss, and Non-Segregation of Claimed Damage." After hearing arguments, the trial court signed a general order denying all the motions on June 9, 2010. Both parties then filed motions to reconsider their summary judgment motions.

On January 12, 2011, the trial judge signed an order stating that, upon reconsideration, the court was still of the same opinion and ruled that both parties' summary judgment motions were denied. Within the same written order, the court authorized an immediate interlocutory appeal under section 51.014(d). Section 51.014(d) of the Texas Civil Practice and Remedies Code authorizes, under certain circumstances, an interlocutory appeal of an order in a civil case that would not otherwise be appealable on an accelerated basis. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d). Under subsection (d), a trial court may issue a written order for a permissive interlocutory appeal in a civil action if: (1) the parties agree that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion; (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation; and (3) the parties agree to the order. *Id.* The trial court's order recited that all three criteria were met in this case.

The parties and trial court agreed in the order that the following was a "controlling question of law" on which there is "substantial ground for difference of opinion" and that "an immediate appeal from the order may materially advance the ultimate termination of the litigation:"

> Whether damage to walls, floors, roofs or ceilings caused solely by foundation movement resulting from a below-slab plumbing leak is covered under either the Dwelling Foundation Endorsement (to Plaintiff's Homeowners Policy) or the Policy's Water Damage Endorsement.

The parties and trial court have jointly presented this controlling *legal* question to us, and agree that the choice to apply "*either* the Dwelling Foundation Endorsement . . . *or* the Policy's Water

Damage Endorsement" (emphasis added) is the controlling legal issue in the case, resolution of which will materially advance termination of the litigation. Based on the parties' stipulation to the "controlling legal question," and the trial court's endorsement of the controlling legal question, we must assume there is no disputed issue of material fact that would preclude summary judgment. *See* TEX. R. CIV. P. 166a(c).

### ANALYSIS

Generally, an order denying a summary judgment motion is not appealable because it is an interlocutory order and not a final judgment. *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994). It is well-settled that an interlocutory order that does not dispose of all issues against all parties is not immediately appealable, except in narrow situations expressly authorized by statute. *Gross v. Innes*, 988 S.W.2d 727, 729 (Tex. 1998) (per curiam); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). Section 51.014 designates the civil orders that may be appealed on an interlocutory basis, and is strictly construed. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014; *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001). Subsection (d) of section 51.014 permits an agreed interlocutory appeal of otherwise un-appealable orders, including the denial of a summary judgment motion, upon the trial court's certification of the statutory requirements, i.e., an agreed controlling question of law on which there is substantial ground for disagreement and on which an immediate appeal may materially advance the ultimate resolution of the case. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d).

Here, the court's orders[1] being appealed denied both parties' cross-motions for summary judgment grounded on competing interpretations of the insurance policy's endorsements. In its January 12, 2011 order reconsidering and again denying the competing summary judgment motions, the court expressly stated that it was not making a substantive decision as to which interpretation of the policy's endorsements was correct, even though in the same order it stipulated that the "controlling legal question" was which one of two possible interpretations was correct as a matter of law. Specifically, the court stated,

> [I]n the parties' motions for summary judgment, Plaintiff and Defendant argued the Dwelling Foundation Endorsement and the Water Damage Endorsement should be interpreted as a matter of law. The Court, in entering the Orders denying the motions for summary judgment, **declined to adopt any interpretation** of the Policy's Dwelling Foundation Endorsement or the Policy's Water Damage Endorsement.

(emphasis added). If, as represented by the parties and the court in the agreed "controlling legal question" presented on appeal, there are no disputed fact issues, then one or the other of the competing interpretations of the policy endorsements had to be correct "as a matter of law." *See Nat'l Union Fire Ins. Co. v. Crocker*, 246 S.W.3d 603, 606 (Tex. 2008) (an insurance policy is interpreted according to contract law principles). By failing to decide which endorsement applied, the trial court failed to comply with its duty to rule on the substantive legal issue, instead opting to ask this Court to make the initial "matter of law" decision through an agreed interlocutory appeal. *See* TEX. R. CIV. P. 166a(c) ("The judgment sought shall be rendered forthwith if . . . [the summary judgment evidence] show[s] that . . . there is no genuine issue as to

---

[1] The trial court authorized this immediate appeal from "the Orders denying the motions for summary judgment," which includes the July 10, 2009 order denying the parties' cross-motions for summary judgment, the June 9, 2010 order denying Gulley's second summary judgment motion and State Farm's motion to reconsider its original cross-motion for summary judgment, and the January 12, 2011 order reconsidering and again denying the summary judgment motions.

any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion . . . .").

Under our reading of the statute, section 51.014(d) does not contemplate use of an immediate appeal as a mechanism to present, in effect, a "certified question" to this Court similar to the procedure used by federal appellate courts in certifying a determinative question of state law to the Texas Supreme Court. *See*, *e.g.*, TEX. R. APP. P. 58.1 (permitting Texas Supreme Court to answer certified questions of state law from federal appellate courts); *Fin. Indus. Corp. v. XL Specialty Ins. Co.*, 285 S.W.3d 877, 877-79 (Tex. 2009) (answering a certified "determinative question" of state law from the United States Court of Appeals for the Fifth Circuit). We have found no reported case in which section 51.014(d) was used in this manner to present an intermediate court of appeals with a "controlling legal question" prior to the trial court making a substantive ruling on the legal issue.

The legislature's institution of the procedure authorizing a trial court to certify an immediate appeal of an interlocutory order was premised on the trial court having first made a substantive ruling on the controlling legal issue being appealed. *See* House Comm. on Civil Practices, Bill Analysis, Tex. H.B. 978, 77th Leg., R.S. (2001) (explaining that the addition of subsection (d) would promote judicial efficiency by "allowing the trial court to certify a question for appeal" when "the trial court rules on an issue that is pivotal in a case but about which there is legitimate disagreement"). The following cases illustrate the intended use of section 51.014(d), in situations where the trial court has made a substantive ruling on a pivotal issue of law. *See, e.g.*, *Kimbrell v. Molinet*, 288 S.W.3d 464, 465-66 (Tex. App.—San Antonio 2008), *aff'd*, No. 09-0544, 2011 WL 182230 (Tex. Jan. 21, 2011) (addressing agreed interlocutory appeal from trial court's denial of a summary judgment motion asserting physician-defendant's

joinder in medical malpractice case was barred by limitations, and determining the controlling question of law as to which statute of limitations applied); *Northside Indep. Sch. Dist. v. Dubose*, No. 04-06-00517-CV, 2007 WL 1481661, at \*1 (Tex. App.—San Antonio May 23, 2007, no pet.) (mem. op.) (on cross-motions for summary judgment the trial court held that school district had waived its right to contest compensability of employee's workers' compensation claim, and thereafter certified the issue of waiver as the controlling question on agreed interlocutory appeal); *Stolte v. County of Guadalupe*, No. 04-04-00083-CV, 2004 WL 2597443 (Tex. App.—San Antonio 2004, no pet.) (agreed interlocutory appeal from denial of summary judgment in which trial court concluded county had inherent authority to reject plat application in the interest of public health); *Enterprise Products Partners, L.P. v. Mitchell*, No. 01-09-00653-CV, 2011 WL 693700 (Tex. App.—Houston [1st Dist.] Feb. 10, 2011, no pet. h.) (trial court ruled Texas, not Mississippi, law applied to lawsuit and certified choice of law question as the controlling legal question for agreed interlocutory appeal); *Comcast Cable of Plano, Inc. v. City of Plano*, 315 S.W.3d 673 (Tex. App.—Dallas 2010, no pet.) (on agreed interlocutory appeal, court of appeals addressed the controlling question of law as to whether the city's claim for breach of a franchise agreement was preempted by federal law after trial court denied Comcast's summary judgment motion based on preemption).

Here, although the trial court ministerially ruled on the competing summary judgment motions by denying them both, it expressly declined to make a substantive decision on the "matter of law" interpretation of the policy. Section 51.014(d) is not intended to relieve the trial court of its role in deciding substantive issues of law properly presented to it. Given the stipulation by the parties and trial court that the competing summary judgment motions turned on

a pure question of law as to whether the Water Damage Endorsement applies, we conclude the trial court erred in declining to decide the substantive legal issue presented by this appeal.[2]

Accordingly, we reverse and remand to the trial court for it to make a substantive decision on the "matter of law" question presented by the parties' competing summary judgment motions.

Phylis J. Speedlin, Justice

---

[2] Despite the unusual use of the statute in this appeal, it appears from the record that the statutory requirements for an agreed interlocutory appeal have technically been met. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d). Therefore, we do have jurisdiction over this appeal.