**COLONIAL COUNTY MUTUAL INSURANCE COMPANY,**
Appellant,

v.

**Dalia AMAYA, Appellee.**

No. 05–11–01360–CV.

Court of Appeals of Texas, Dallas.

July 3, 2012.

Gregory R. Ave, Walters, Balido & Crain, L.L.P., Dallas, TX, for Appellant.

Adam R. Hardison, Hardison Law Firm, Dallas, TX, for Appellee.

Before Justices O'NEILL, MARTIN RICHTER, and LANG–MIERS.

## OPINION

Opinion By Justice LANG–MIERS.

This is an agreed appeal from an interlocutory order pursuant to former section 51.014(d) of the Texas Civil Practice and Remedies Code. We dismiss the appeal for want of jurisdiction.

This case involves an insurance coverage dispute and claims for extracontractual damages. Appellee Dalia Amaya, a permissive driver of a vehicle insured by appellant Colonial County Mutual Insurance Company, sought personal injury protection (PIP) coverage for an automobile accident. Colonial advised Amaya that the insured had rejected PIP coverage and denied her claim. Amaya filed this lawsuit against Colonial and, in her first amended original petition, alleged breach of contract, breach of the duty of good faith and fair dealing, violations of the insurance code, negligence, fraud, and negligent misrepresentation. She alleged that Colonial wrongfully denied her claim, did not promptly deny her claim, and did not promptly provide evidence of the insured's rejection of PIP coverage. Colonial filed its "first amended motion for traditional and no-evidence summary judgment" asking the court to dismiss the claims asserted in the first amended original petition. Colonial alleged that it promptly denied coverage, that PIP coverage did not exist because the insureds had rejected it, and that in the absence of coverage and because there is no evidence Colonial committed an extreme act in denying the claim, there can be no recovery on the extracontractual claims. An associate judge heard the motion and denied it. Colonial appealed the denial to the trial court and the trial court denied the appeal. Colonial moved for a clarification of the denial, and the trial court signed an order stating that the motion had been denied "on the merits," but did not state the specific basis for the denial.

Pursuant to former section 51.014(d) of the Texas Civil Practice and Remedies Code, the parties agreed to file an interlocutory appeal from the trial court's order denying Colonial's motion for summary judgment. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 1051, § 1, 2005 Tex. Gen. Laws 3512, 3513 (applying to lawsuits filed on or after September 1, 2005), *amended by* Act of May 25, 2011, 82d Leg., ch. 203, § 3.01, 2011 Tex. Gen. Laws 758, 759 (current version at Tex. Civ. Prac. & Rem.Code Ann. § 51.014 (West Supp.2011)). Former section 51.014(d) provided that a district court may order an interlocutory appeal from an otherwise unappealable order in a civil action if the parties agree that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion, an immediate appeal from the order may materially advance the ultimate termination of the litigation, and the parties agree to the order. *Id.*

The trial court signed an order permitting an interlocutory appeal of the order denying Colonial's summary judgment motion. In the order, the trial court noted that the controlling question of law is "whether [Amaya] can recover for an extra-contractual cause of action in the absence of coverage and some extreme act in the denial of a claim":

> [T]he interlocutory order involves a controlling question of law as to which

there is a substantial ground for difference of opinion, in that [Colonial] is of the position [Amaya] is not entitled to recover for any extra-contractual cause of action for PIP benefits in the absence of coverage and in the absence of some extreme act in the denial of the claim. [Amaya] contends [she] is entitled to recover for extra-contractual causes of action in the absence of coverage and some extreme act in the denial of the claim.

Further, the court is of the opinion that an immediate appeal from the order would materially advance the ultimate termination of the litigation in this case, in that if the appellate court determines [Amaya] can recover for extra-contractual causes of action in the absence of coverage and some extreme act in the denial of the claim, the case would likely get resolved at mediation. Similarly, if the appellate court determines [Amaya] cannot recover for extra-contractual causes of action in the absence of coverage and some extreme act in the denial of the claim, the case would likely be resolved.

The trial court stayed further proceedings in that court pending resolution of this interlocutory appeal.

Both parties advised this Court for the first time in oral argument that the first amended petition had been amended several times after the first amended motion for summary judgment was filed and that at some point the trial court struck one or more of those later-amended petitions. In oral argument, Colonial stated that in deciding this appeal we would necessarily have to decide whether the trial court impliedly and correctly concluded that the insurance policy provided PIP coverage. However, Amaya stated in oral argument and in her brief to this Court that she nonsuited her PIP claim in an amended petition before the trial court ruled on the first amended motion for summary judgment and, for that reason, did not address PIP coverage when responding to Colonial's first amended motion for summary judgment.

After oral argument, Colonial filed a supplemental record, which showed that Amaya filed her second, third, and fourth amended original petitions *after* Colonial filed its amended motion for summary judgment, but *before* the trial court ruled on Colonial's motion. As a result, the first amended petition had been superseded before the court ruled on Colonial's motion, but Colonial did not amend its motion to address those later-filed amended petitions. That supplemental record also reflects that later, the court struck all of Amaya's amended petitions except the first amended petition, and that petition again became the live pleading. But that was several weeks *after* the trial court had denied Colonial's motion.

In its clarifying order, the court stated that Colonial's motion had been denied "on the merits," but the court did not state a specific basis for the denial. Because the amended motion for summary judgment addressed the merits of the first amended petition, which included six claims, the court could have denied the motion on the basis that there was an issue of fact regarding whether there was PIP coverage, whether there had been conduct justifying some kind of extracontractual claim, or on some other basis, including because the petition upon which the motion was based had been superseded. But there is nothing in the record showing that the trial court made a substantive ruling on the legal issue we are being asked to decide.

Consequently, based on the record before us and the arguments of counsel, we conclude that any opinion we issue in this interlocutory appeal would necessarily be

advisory because there is nothing in the record showing that the trial court ruled on the specific legal issue that is presented for us to decide. And any decision we would make would be based on a general order denying a motion for summary judgment challenging a pleading that alleged several claims but which was superseded before the motion was denied. We do not believe the legislature intended the parties to use section 51.014(d) of the Texas Civil Practice and Remedies Code for this purpose. *See Gulley v. State Farm Lloyds,* 350 S.W.3d 204, 207–08 (Tex.App.-San Antonio 2011, no pet.) (collecting reasons for agreed interlocutory appeal statute); *State Fair of Tex. v. Iron Mountain Info. Mgmt., Inc.,* 299 S.W.3d 261, 262–64 (Tex. App.-Dallas 2009, no pet.).

In *Gulley v. State Farm Lloyds,* the San Antonio Court of Appeals refused to decide what the parties presented as a controlling legal question in an agreed interlocutory appeal because the trial court had expressly declined to rule on the legal issue, and, instead, submitted the issue to the intermediate court of appeals for a decision. 350 S.W.3d at 208. Our sister court concluded that the trial court erred by declining to rule on the controlling legal question. It reversed and remanded "to the trial court for it to make a substantive decision on the 'matter of law' question presented...." *Id.* In doing so, the court stated

> section 51.014(d) does not contemplate use of an immediate appeal as a mechanism to present, in effect a "certified question" to this Court similar to the procedure used by federal appellate

courts in certifying a determinative question of state law to the Texas Supreme Court.... We have found no reported case in which section 51.014(d) was used in this manner to present an intermediate court of appeals with a "controlling legal question" prior to the trial court making a substantive ruling on the legal issue.

*Id.* at 207 (internal citations omitted).

The trial court here did not rule on the controlling legal question presented in this agreed interlocutory appeal and, instead, submitted it to this Court for a decision.[1] Because any opinion would be advisory, we dismiss the appeal for want of jurisdiction.

---

1. The appeals court in *Gulley* concluded that the statutory requirements for an agreed interlocutory appeal technically were met and that it had jurisdiction of the appeal. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 1051, § 1, 2005 Tex. Gen. Laws 3512, 3513 (amended 2011); *Gulley,* 350 S.W.3d at 208 n. 2. In *Gulley,* however, the only issue presented in the cross-motions for summary judgment was the issue presented to the court of appeals. In this case, more than one issue was presented below and could have been the basis for the trial court's ruling.