**CITY OF SAN ANTONIO, Acting by and Through City Public Service Board ("CPS Energy"), Appellant**

v.

**TOMMY HARRAL CONSTRUCTION, INC., Appellee**

**No. 04–15–00286–CV**

Court of Appeals of Texas, San Antonio.

Delivered and Filed: January 27, 2016

Matthew Vandenberg, Melodee Laine Gruber, Jackson Walker LLP, San Antonio, TX, for Appellant.

Micah Williams, Law Office of Mark E. Macias, San Antonio, TX, for Appellee.

Sitting: Sandee Bryan Marion, Chief Justice, Marialyn Barnard, Justice, Jason Pulliam, Justice

## OPINION

Opinion by: Jason Pulliam, Justice

This is a permissive interlocutory appeal brought pursuant to Texas Civil Practice and Remedies Code section 51.014(d). The City of San Antonio, acting through City Public Service Board (CPS Energy), brings this permissive interlocutory appeal arising out of the trial court's denial of its motion for partial summary judgment which sought determination of two points of declaratory relief. This court must dismiss the appeal for lack of jurisdiction because the trial court's order denying the motion and granting permissive appeal does not affirmatively state the trial court's substantive ruling on the specific legal issue presented for this court to decide, and this court cannot infer the trial court's substantive ruling from the record.

### BACKGROUND

In the underlying litigation CPS Energy filed a motion for partial summary judgment seeking determination of two claims for declaratory relief. In its first amended order the trial court denied CPS Energy's motion for partial summary judgment. In the same order, the trial court permitted interlocutory appeal for this court to determine a specific legal issue that the trial court stated could be dispositive of the litigation: "whether under the Texas Utilities Code and Texas Administrative Code a general contractor's notification prior to excavation by a subcontractor relieves that

subcontractor of the statutory obligation to separately give notice prior to excavating."[1] The trial court's order granting permission to appeal does not state its ruling on this legal issue. This court granted CPS Energy's petition for permission to appeal from the trial court's interlocutory order.

### DISCUSSION

■ Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex.2011); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992). An order denying a summary judgment motion is not appealable because it is an interlocutory order and not a final judgment. *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex.1994); *Borowski v. Ayers*, 432 S.W.3d 344, 347 (Tex.App.—Waco 2013, no pet.). Section 51.014(d) of the Texas Civil Practice and Remedies Code provides such an exception to the general rule, stating a trial court may permit an appeal from a non-appealable interlocutory order if:

(1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and

(2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(d). This court must strictly construe Section 51.014, as it provides a narrow exception to the general rule that only final judgments are appealable. *CMH Homes*, 340 S.W.3d at 447; *Tex. A & M Univ. Sys. v. Koseoglu*, 223 S.W.3d 835, 841 (Tex.2007).

■ "Section 51.014(d) is not intended to relieve the trial court of its role in deciding substantive issues of law properly presented to it." *Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 207–08 (Tex. App.—San Antonio 2011, no pet.); *see also Colonial Cnty. Mutual Ins. Co. v. Amaya*, 372 S.W.3d 308, 310–11 (Tex.App.—Dallas 2012, no pet.). Therefore, "[t]he legislature's institution of this procedure authorizing a trial court to permit an immediate appeal of an interlocutory order is nevertheless premised on the trial court having first made a substantive ruling on the controlling legal issue being appealed." *Borowski*, 432 S.W.3d at 347; *Bank of N.Y. Mellon v. Guzman*, 390 S.W.3d 593, 597–98 (Tex.App.—Dallas 2012, no pet.) (holding there must be something in the record showing the trial court made a substantive ruling on any legal issues the court of appeals is asked to decide); *see also Double Diamond Delaware, Inc. v. Walkinshaw*, 2013 WL 5538814, at *2 (Tex.App.—Dallas Oct. 7, 2013, no pet.) (mem.op.) ("Inherent in these jurisdictional requirements is that the trial court make a substantive ruling on the specific legal question presented on appeal."); *Gulley*, 350 S.W.3d at 208 (same). "In other words, the interlocutory order cannot 'involve[ ] a controlling question of law' until the trial court has made a substantive ruling on the controlling legal issue in the order." *Borowski*, 432 S.W.3d at 347.

■ Because an appellate court may only address an action taken by the trial court, the record presented upon a permissive appeal must reflect the trial court's substantive ruling on the specific legal issue presented for appellate-court determination. *See Guzman*, 390 S.W.3d at 597–

---

1. In this litigation, RTM Construction is the general contractor, and Tommy Harral Construction is the subcontractor.

98; *McCroskey v. Happy State Bank*, 2014 WL 869577, at *1 (Tex.App.—Amarillo Feb. 28, 2014, no pet.) (mem.op.); *Corp. of the Pres. of the Church of Jesus Christ of Latter–Day Saints v. Doe*, 2013 WL 5593441, at *2 (Tex.App.—Corpus Christi Oct. 10, 2013, no pet.) (mem.op.). Otherwise, this court's opinion with regard to the requested legal determination would be an advisory opinion. *See Guzman*, 390 S.W.3d at 597–98; *McCroskey*, 2014 WL 869577, at *1; *Corp. of the Pres. of the Church of Jesus Christ of Latter–Day Saints*, 2013 WL 5593441, at *2. This court has no jurisdiction to issue advisory opinions. *See Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex.2000) (per curiam); *Dallas/Fort Worth Int'l Airport Bd. v. Ass'n of Taxicab Operators, USA*, 335 S.W.3d 361, 364–65 (Tex.App.—Dallas 2010, no pet.). Thus, an affirmative indication of the trial court's substantive ruling on the specific legal issue presented for determination is a jurisdictional prerequisite to permissive appeal pursuant to Section 51.014(d). *Great Amer. E & S Ins. Co. v. Lapolla Ind., Inc.*, 2014 WL 2895770 at *1 (Tex.App.—Houston [1st Dist.] 2014, no pet.) (mem.op.) (dismissing for want of jurisdiction); *Guzman*, 390 S.W.3d at 597–98 (same); *Amaya*, 372 S.W.3d 308, 310–11 (same); *see Borowski*, 432 S.W.3d at 347 (same).

◼ In this case, the appealed order satisfies the statutory technical requirements for permissive appeal by stating: (1) the "controlling issue of law" requested for determination by this court; (2) there is substantial ground for difference of opinion on this controlling issue of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(d). However, even though the trial court identified the "controlling issue of law" as required

by Section 51.014(d), the trial court denied CPS Energy's motion for partial summary judgment with a general statement of denial, without stating the substantive basis for denial and without making a specific determination of the legal issue this court is asked to decide in this permissive appeal. The trial court's order and the record are silent as to the specific basis for the trial court's ruling, and nothing in the record affirmatively reflects the trial court's substantive ruling on the specific legal issue the trial court granted permission for determination upon interlocutory appeal. Thus, the only way for this court to determine the trial court's substantive ruling on the "controlling legal issue" would be to infer it from the motion for partial summary judgment documents and evidence presented therein.

This court cannot surmise the trial court's substantive ruling on the legal issue presented for determination upon interlocutory appeal for several reasons. First, the trial court's general denial of CPS Energy's motion cannot be interpreted as a substantive ruling on the controlling legal issue because the denial could have been a ministerial act based upon a declination to rule on the controlling issue of law and to have this court make the initial determination. *See Gulley*, 350 S.W.3d at 207–08. Second, the trial court's general denial of CPS Energy's motion cannot be interpreted as a substantive ruling on the controlling legal issue because the trial court could have determined, instead, that fact issues precluded summary judgment. In its motion for summary judgment, CPS Energy states its position advocating a summary judgment award and then states, "Defendant has not presented and cannot present competent evidence to the contrary." CPS Energy provided no evidence to support its motion for summary judgment, as it was based upon determination of a legal issue. How-

ever, Tommy Harral Construction argued in its response that issues of fact precluded summary judgment and produced summary judgment evidence in support of this proposition. Tommy Harral Construction's response and evidence present the possibility that a fact issue could have precluded summary judgment.

While these two potential reasons for the trial court's denial of summary judgment may not be probable, they are possible. Therefore, this court is precluded from inferring the trial court's substantive ruling on the controlling legal issue presented on permissive appeal based strictly upon its denial of summary judgment.

The final reason the trial court's general denial of CPS Energy's motion cannot be interpreted as a substantive ruling on the legal issue presented on appeal is the trial court's denial could have been based upon several different legal conclusions. CPS Energy sought summary judgment on two related, but independent claims for declaratory relief and asked the trial court to find both of the declarations to be true. CPS Energy's request for summary judgment on two claims for declaratory relief is similar to a request for summary judgment on two different, but related grounds.

CPS Energy requested that the trial court find both of the following declarations to be true:

(1) pursuant to the terms of Texas Utility Code Section 251.002(6), 251.151(a), (c) and 16 Texas Administrative Code Section 18.3(a), (e), and (f), the actual entity or person digging is required to provide notification prior to a dig; *and* that

(2) "excavator" as used in the Texas Utilities Code, Sections 251.151 *et seq.* and Texas Administrative Code Title 16, Part 1, Chapter 18 et seq. refers to the individual or entity ac-

tually digging at a site and does not include a separate contractor working at the same site.

In denying CPS Energy's request for summary judgment on *both* of these declarations, the trial court need only to have found one to be not true, but the trial court could have also found both declarations to be not true. Thus, to deny summary judgment when it was asked to find *both* declarations to be true, it is feasible the trial court determined only the first requested declaration to be not true, but found the second to be true, that is: the actual entity doing the digging is not required to provide notification prior to a dig, and "excavator" refers to the entity actually digging. It is also feasible the trial court could have concluded both of the requested declarations to be not true, that is: the actual entity doing the digging is not required to provide notification prior to a dig and "excavator" does not refer to the individual entity actually digging. Because there exists more than one possible reason for the trial court's denial of summary judgment, this court is precluded from inferring the trial court's substantive ruling on the "controlling legal issue" based strictly upon its denial of summary judgment.

Review of the appellate record reveals the parties satisfied the statutory technical requirements for permissive appeal; however, the jurisdictional requirement that the record affirmatively reflect the trial court's substantive ruling on the issue presented on appeal has not been satisfied. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(d); *Great Amer. E & S Ins. Co.*, 2014 WL 2895770 at *1 (dismissing for want of jurisdiction); *Guzman*, 390 S.W.3d at 597–98 (same); *Amaya*, 372 S.W.3d 308, 310–11 (same); *see Borowski*, 432 S.W.3d at 347 (same). For this reason, this per-

missive interlocutory appeal must be dismissed for want of jurisdiction.

■ Finally, even assuming this court could surmise the trial court's substantive ruling on the controlling legal issue presented, the "controlling legal issue" in the underlying litigation is different than the legal issue presented for determination on appeal. Therefore, any determination made by the trial court cannot possibly be consistent with the specific question of law presented for determination upon permissive appeal.

To begin, in its first amended petition and in its motion for partial summary judgment, CPS Energy requested the trial court find: *(1) the actual entity digging is required to provide notification prior to a dig; and (2) "excavator", as used in the applicable statutes, refers to the entity actually digging at a site "and does not include a separate contractor working at the same site."* These requests for declaratory relief focus on the meaning of "excavator" and seek a finding that an "excavator" is required to give notification of a dig, and the "excavator" is the entity that performs the digging at a site, and is not "a separate contractor working at the same site."

Next, following its denial of summary judgment on these declarations, the trial court granted permission to appeal for determination of the legal question: *"whether … a general contractor's notification prior to excavation by a subcontractor relieves that subcontractor of the statutory obligation to separately give notice prior to excavating."* As framed, to answer this legal question, this Court would be forced to begin with the outright presumption that a subcontractor has a statutory obligation to give notice of excavation. This presumption is actually the legal question presented for determination in the requested declarations in the underlying litigation, that is, whether a subcontractor is required to give notice of excavation. However, the focus of the legal question on appeal is whether notification given by a general contractor *relieves* a subcontractor of this presumed statutory requirement to give notice. Thus, the legal question before the trial court focused on whether the applicable statute *requires* a subcontractor to give notice, while the legal question on permissive appeal focuses on whether a subcontractor may be *relieved* of this already-presumed required notice.

Therefore, upon comparison, the legal question that would control determination of the declaratory relief requested in CPS Energy's motion for partial summary judgment is different than the specific legal question presented for determination by this court. The legal question requested for determination on appeal need not be identical to the requested declaratory relief, but must only control determination of the requested declaratory relief. However, the question of law presented for determination on permissive appeal would not control the case, as it is a different question than that presented in the motion for partial summary judgment.

For example, should this court answer the legal question presented on appeal "yes", such answer would not affect the trial court's denial of summary judgment. Similarly, should this court answer the legal question presented on appeal "no", such an answer would not affect the trial court's denial of summary judgment. Therefore, either way this court might answer the presented legal question, the trial court's denial of summary judgment on the declaratory relief could stand. Accordingly, the question presented to this court for determination is not a "controlling legal issue" because it is not the same legal question that the trial court could have

answered in denying CPS Energy's motion for partial summary judgment.

Going even further, in its petition for permission to file an interlocutory appeal and in its appellate brief, CPS Energy states the specific legal question presented to this court for determination to be: *"In light of the applicable definition of 'person' from the Government Code, did the trial court err in ruling that, as a matter of law, the excavation notice of a general contractor satisfies the notification requirement of a subcontractor that is an entity separate and apart from the contractor?"* Thus, at this phase, CPS Energy seems to focus upon and seek interpretation of the term "person", rather than "excavator". Accordingly, CPS Energy's claims for declaratory relief request determination of the meaning of the term "excavator" while its petition for permissive appeal and appellate brief seek application of the definition of "person" to determine a similar outcome.

In this case, the legal questions presented in CPS Energy's motion for partial summary judgment and on appeal touch upon the same statutes and same subject matter. However, though slight, there is distinction between the legal question presented in CPS Energy's motion for partial summary judgment and the legal question presented for determination on permissive appeal as well as that presented in CPS Energy's petition for permission to file an interlocutory appeal and appellate briefing.

To invoke this court's permissive-appeal jurisdiction, the trial court is required to make "a substantive ruling on the controlling legal issue being appealed." *Gulley,* 350 S.W.3d at 207; *Double Diamond Delaware, Inc.,* 2013 WL 5538814, at *2; *Great Amer. E & S Ins. Co.,* 2014 WL 2895770 at *1; *Guzman,* 390 S.W.3d at 597–98; *Ama-*

*ya,* 372 S.W.3d 308, 310–11; *Borowski,* 432 S.W.3d at 347. Thus, the legal issue presented to this court for determination must be the same legal issue determined by the trial court. "It does not matter that the trial court's order attempts to identify the controlling issue if the order does not show that the trial court made a substantive ruling on that controlling question of law." *Great Amer. E & S Ins. Co.,* 2014 WL 2895770 at *1 (citing *Corp. of the Pres. of the Church of Jesus Christ of Latter–Day Saints,* 2013 WL 5593441, at *2 and *Borowski,* 432 S.W.3d at 347). Because this court is asked to determine a different legal question than the legal question the trial court could have determined through the motion for partial summary judgment, this court lacks jurisdiction for permissive appeal. *See State Fair of Tex. v. Iron Mountain Info. Mgmt., Inc.,* 299 S.W.3d 261, 263–64 (Tex.App.—Dallas 2009, no pet.).

Review of the record reveals a variety of reasons exist that could support the trial court's denial of CPS Energy's motion for summary judgment. Therefore, this court cannot infer the trial court's substantive ruling on the "controlling issue of law" presented for determination upon this permissive appeal. Finally, any determination by this court of the presented question of law would not be "controlling" because it is a different legal question than that presented to the trial court.

## CONCLUSION

Without indication in the appellate record of the trial court's substantive ruling on the specific legal issue presented for this court's determination, this permissive appeal does not meet the strict jurisdictional requirements of Section 51.014(d).[2]

---

2. Based upon review of the record, it also appears there could be some factual issues in

dispute. The Texas Utilities Code contains specific requirements of any notice of excava-

See Corp. of Pres. of Church of Jesus Christ of Latter–Day Saints, 2013 WL 5593441, at *2; Amaya, 372 S.W.3d at 310–11; State Fair of Tex., 299 S.W.3d at 263–64. Thus, this court must dismiss this appeal for lack of jurisdiction.

Dissenting Opinion by: Sandee Bryan Marion, Chief Justice

Sandee Bryan Marion, Chief Justice, dissenting.

On May 8, 2015, CPS Energy filed a petition for permissive appeal, asserting the trial court granted CPS Energy permission to appeal the trial court's order denying its motion for partial summary judgment because the order "involve[d] a controlling question of law as to which there is a substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." See Tex.R.App. P. 28.3(e)(4). On May 18, 2015, Tommy Harral Construction, Inc. filed a response to the petition, asserting the issue involved a question of fact as opposed to a controlling question of law. By order dated May 27, 2015, a panel of this court granted CPS Energy's petition, and, as of August 6, 2015, the parties fully briefed the controlling question of law as identified by the trial court in its order. The appeal was then assigned to a submission panel which differs from the panel that initially granted CPS Energy's petition. The majority has now reconsidered this court's jurisdiction over this appeal and concludes, "Because nothing in the record provides indication of the trial court's determination of the substantive legal issue presented to this court for determination, this permissive appeal does not meet the strict jurisdictional requirements of Section 51.014(d)." Because I disagree, I respectfully dissent.

I agree the trial court is required to make "a substantive ruling on the controlling legal issue being appealed." Gulley v. State Farm Lloyds, 350 S.W.3d 204, 207 (Tex.App.—San Antonio 2011, no pet.). I disagree, however, with the majority's conclusion that the record in this case fails to establish the trial court made such a ruling.

The motion for partial summary judgment filed by CPS Energy reads as follows:

NOW COMES Plaintiff, CITY OF SAN ANTONIO, acting by and through CITY PUBLIC SERVICE BOARD ("CPS ENERGY") and files this its Motion for Partial Summary Judgment pursuant to TRCP Rule 166a and 166a(c) against Defendant TOMMY HARRAL CONSTRUCTION, INC. ("Defendant") and in support of this Motion would respectfully show the Court the following:

tion and requires specific actions of the parties involved. See Tex. Util.Code Ann. § 251.151(a) (timing of notification), § 251.152 (information included in notice), § 251.157 (duty of CPS Energy). The record does not contain the update notice upon which this suit is based, does not contain indication whether CPS Energy complied with its obligations after receiving notice, nor does it contain an admission or concession by the parties that these provisions were satisfied. Determination whether RTM Construction's update notice satisfied Section 251.151(a) and whether CPS Energy complied with the other provisions of the Texas Utility Code involves determination of issues of fact. Determination of these fact issues must precede determination of the presented legal question. See Tex. Atty. Gen. Op. JC–0234, 2000 WL 817086, June 22, 2000. "The statute does not contemplate permissive appeals of summary judgments where the facts are in dispute." Diamond Prods. Int'l v. Handsel, 142 S.W.3d 491, 494 (Tex.App.—Houston [14th Dist.] 2004, no pet).

## BACKGROUND

Defendant damaged and/or destroyed CPS ENERGY'S equipment/facility on April 9, 2008 at or near Commerce and Laredo Streets, San Antonio, Texas, by damaging a duct line. Texas law requires that an excavator request that such lines be located prior to digging, however, this line was not located as Defendant never made any request to locate this line. In prior arguments before the Court, Defendant has contended that the actual individual doing the digging is not required under Texas law to request a line locate. This motion seeks partial summary judgment on CPS Energy's declaratory judgment action regarding interpretation of certain provisions of the Texas Utilities Code.

## ARGUMENT

Pursuant to the clear language of the relevant statutes, Texas law requires the "excavator" to request a locate before excavating by the method set forth under Texas statutes. Tex. Util.Code. §§ 251.151(a), (c); see also 16 Tex. Admin. Code §§ 18.3(a), (e), (f). Further, the Utilities Code explicitly defines an excavator as "a person that excavates or intends to excavate in this state." Tex. Util.Code § 251.002(6). In turn, under the Code Construction Act, "person" is defined as [a] "corporation, organization, government or governmental subdivision or agency, business trust, estate, trust, partnership, association, and any other legal entity." Tex. Gov't Code § 311.005(2).

In interpreting statutes, courts are bound by the clear and unambiguous language in the statute. If the legislature has specifically defined a word in the statute, the court is not concerned with the ordinary, legal, or technical meaning of the word; but it will simply apply it as defined, because the statutory definition is binding. See, e.g., TGS–NOPEC Geophysical Co. v. Combs, 340 S.W.3d 432, 439 (Tex.2011).

Given the foregoing, it is clear, that "excavator" as used in the Texas Utility Code refers to the individual or entity actually digging at a site and does not extend to a separate contractor working at the same site. Defendant has not presented and cannot present competent evidence to the contrary.

Therefore, CPS Energy seeks summary judgment on its claim for relief pursuant to the Declaratory Judgment Act, and specifically asks that the Court find that:

1) pursuant to the terms of Texas Utility Code Sections 251.002(6), 251.151(a), (c), and 16 Texas Administrative Code Section 18.3(a), (e), and (f), the actual entity or person digging is required to provide notification prior to a dig; and that

2) "excavator" as used in the Texas Utilities Code, Sections 251.151 et seq. and Texas Administrative Code Title 16, Part 1, Chapter 18 et seq. refers to the individual or entity actually digging at a site and does not include a separate contractor working at the same site.

CPS Energy also seeks, pursuant to Texas Civil Practice and Remedies Code Section 37.009 its reasonable and necessary attorney fees relating to its declaratory judgment action.

WHEREFORE, Plaintiff requests this matter be set for hearing with notice to Defendant and that on final hearing of this Motion, the Court enter partial summary judgment and declaratory judgment in favor of Plaintiff. Plaintiff further prays for general relief.

In my opinion, CPS Energy's motion presents only one ground for summary judgment, *i.e.*, that Tommy Harral Construction, as the entity actually digging at the site, was the excavator responsible for providing notice as opposed to a separate contractor working at the site. In denying the motion, the trial court necessarily concluded Tommy Harral Construction was not required to provide the notice because such notice could be provided by a separate contractor working at the site. The trial court's order denying the partial summary judgment on this single issue phrased the controlling question of law as "whether under the Texas Utilities Code and Texas Administrative Code a general contractor's notification prior to excavation by a subcontractor relieves that subcontractor of the statutory obligation to separately give notice prior to excavating." This controlling question of law mirrors the only ground raised in the motion for partial summary judgment. Accordingly, by denying the motion, the trial court substantively determined the general contractor's notification relieved Tommy Harral Construction of the obligation to separately provide notice, which is the controlling legal issue that has been briefed by the parties.

Although the majority cites numerous cases to support its position, those cases are distinguishable because they involve competing motions for summary judgment or motions for summary judgment in which numerous grounds are raised. For example, in *Borowski v. Ayers*, the motion for summary judgment and the response thereto asserted numerous issues, and the trial court generally denied the motion. 432 S.W.3d 344, 345–36 (Tex.App.—Waco 2013, no pet.). The Waco court dismissed the permissive appeal, noting the controlling question was "really two 'questions'" and the trial court could have denied the motion for summary judgment "for either

of the following [two] reasons" which the Waco court then listed. *Id.* at 348. Similarly, in *McCroskey v. Happy State Bank*, No. 07–14–00027–CV, 2014 WL 869577, at *1 & n.2 (Tex.App.—Amarillo Feb. 28, 2014, no pet.) (mem.op.), the parties filed competing motions for summary judgment, and the Amarillo court noted the trial court identified "eight multi-faceted 'controlling questions of law.'" The Amarillo court dismissed the appeal, stating, "Nowhere, however, in the trial court's order or in the appellate record, do we find where the trial court expressly ruled on the substance of those controlling questions of law." *Id.*; *see also Corp. of the Pres. of the Church of Jesus Christ of Latter–Day Saints v. Doe*, No. 13–13–00463–CV, 2013 WL 5593441, at *2 (Tex. App.—Corpus Christi Oct. 10, 2013, no pet.) ("The trial court could have denied the Church's motion on any of the following: (1) the applicable statute of limitations did not bar Doe's claims; (2) duress tolled the statute of limitations; (3) the continuing-tort doctrine tolled the statute of limitations; or (4) material fact issues prevented the court from granting the motion. Without a substantive ruling by the trial court as to why it denied the Church's motion, no controlling question of law has been presented for our analysis.") (mem. op.); *Double Diamond Delaware, Inc. v. Walkinshaw*, No. 05–13–00893–CV, 2013 WL 5538814, at *1 (Tex.App.—Dallas Oct. 7, 2013, no pet.) (noting both parties moved for partial summary judgment with each raising multiple grounds and trial court denied the order without stating a basis) (mem.op.); *Bank of New York Mellon v. Guzman*, 390 S.W.3d 593, 595 (Tex. App.—Dallas 2012, no pet.) (noting parties filed competing motions for summary judgment raising numerous alternative grounds and trial court denied the competing motions because the parties "failed to

satisfy [their] burden"); *Colonial Cty. Mut. Ins. Co. v. Amaya,* 372 S.W.3d 308, 310 (Tex.App.—Dallas 2012, no pet.) ("Because the amended motion for summary judgment addressed the merits of the first amended petition, which included six claims, the court could have denied the motion on the basis that there was an issue of fact regarding whether there was PIP coverage, whether there had been conduct justifying some kind of extracontractual claim, or on some other basis, including because the petition upon which the motion was based had been superseded. But there is nothing in the record showing that the trial court made a substantive ruling on the legal issue we are being asked to decide."). Unlike the cited cases, CPS Energy's motion in this case raised a single ground and could only have been denied based on the trial court's conclusion that the general contractor's notification relieved Tommy Harral Construction of the obligation to separately give notice. Therefore, because the record reflects the trial court's substantive determination of the specific legal issue presented in this appeal, I dissent to the dismissal of this appeal.

Also, in a footnote, the majority suggests "there could be some factual issues in dispute" and alludes to the timeliness of the notice provided by the general contractor and CPS Energy's response to that notice. I believe the timeliness of the notice and any response thereto do not become issues unless the appropriate person provided the notice. Therefore, the controlling legal issue (whether a general contractor is able to provide notice for a subcontractor) is the threshold issue, and our resolution of this controlling legal issue will materially advance the ultimate termination of the litigation. *See* Tex.R.App. P. 28.3(e)(4). Finally, the majority's suggestion that these "factual issues" might preclude a permissive appeal appears to be advisory, and, as the majority recognizes in its opinion, this court has no jurisdiction to issue advisory opinions. *See Valley Baptist Med. Ctr. v. Gonzalez,* 33 S.W.3d 821, 822 (Tex.2000) (per curiam).

For the foregoing reasons, I respectfully dissent to the dismissal of this appeal.