**Opinion issued June 21, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00323-CV

———————————

**ORION MARINE CONSTRUCTION, INC., Appellant**

**V.**

**INOCENTE CEPEDA, Appellee**

---

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-24614**

---

## MEMORANDUM OPINION

Orion Marine Construction, Inc. has petitioned for permission to appeal from

two interlocutory partial summary-judgment orders. *See* TEX. CIV. PRAC. & REM.

CODE § 51.014(d)–(f); TEX. R. APP. P. 28.3(a). We deny the petition.

## BACKGROUND

In an earlier appeal from a final judgment in this case, we reversed and remanded. *See Cepeda v. Orion Marine Constr.*, 499 S.W.3d 579 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). In that earlier appeal, Inocente Cepeda challenged the trial court's partial summary judgment in favor of Orion. *Id.* at 580–81. In our opinion and judgment, we concluded that the trial court erred in ruling that Cepeda lost seaman status because Orion had fired him while he was on Orion's vessel and the alleged injury had occurred after Orion had fired him. *Id.* at 581–83. On appeal, Cepeda claimed that he was injured while riding a skiff during his transport from Orion's vessel to dry land, that his termination did not become effective until he reached dry land, and that, in any event, fact issues existed as to whether he was terminated aboard the vessel or two days later, after he reached dry land. *See id.* at 580, 583. In our opinion reversing the trial court's ruling, we agreed that Orion had failed to establish that Cepeda lacked seaman status as a matter of law. *Id.* at 583. The Supreme Court of Texas denied review, and the case thus returned to the trial court.

Upon remand, Cepeda moved for partial summary judgment, seeking the reverse determination: that he was a seaman as a matter of law at the time of the alleged injury. The trial court granted the motion. The trial court also denied Orion's motion for summary judgment as to Cepeda's claims for negligence under the Jones

2

Act and for maintenance and cure. In an amended order, the trial court granted Orion permission to file a permissive appeal from its interlocutory summary-judgment rulings. Orion has filed a petition requesting that we accept its permissive appeal. Cepeda has filed a response in opposition.

## DISCUSSION

### A. Permissive appeal standard

A trial court may allow a party to appeal from an interlocutory order if the order involves a controlling question of law as to which there is a substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation. TEX. CIV. PRAC. & REM. CODE § 51.014(d); TEX. R. CIV. P. 168. Because a permissive interlocutory appeal is not the norm, we strictly construe Section 51.014(d)'s requirements. *Gulf Coast Asphalt Co. v. Lloyd*, 457 S.W.3d 539, 545 (Tex. App.—Houston [14th Dist.] 2015, no pet.). The order must identify the controlling question of law at issue and state why an immediate appeal may materially advance the ultimate termination of the litigation. TEX. R. CIV. P. 168; *Hebert v. JJT Constr.*, 438 S.W.3d 139, 141 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The trial court must make a substantive ruling on the controlling question of law. *Borowski v. Ayers*, 432 S.W.3d 344, 347–48 (Tex. App.—Waco 2013, no pet.); *Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 207–08 (Tex. App.—San Antonio 2011, no pet.). It cannot certify the question to the

3

appellate court for decision. *Bank of N.Y. Mellon v. Guzman*, 390 S.W.3d 593, 597 (Tex. App.—Dallas 2012, no pet.); *Gulley*, 350 S.W.3d at 207.

An unexplained ruling is not subject to permissive appeal if its substantive basis is unstated and not apparent from the appellate record. *See Borowski*, 432 S.W.3d at 347–48; *see, e.g.*, *Eagle Gun Range v. Bancalari*, 495 S.W.3d 887, 889 (Tex. App.—Fort Worth 2016, no pet.) (denial of motion to dismiss without comment was not substantive ruling); *City of San Antonio v. Tommy Harral Constr.*, 486 S.W.3d 77, 81–82 (Tex. App.—San Antonio 2016, no pet.) (denial of motion for partial summary judgment that identified controlling question of law but did not state basis for denial was not substantive ruling).[1]

Further, a party cannot seek to appeal from an interlocutory order on a ground or issue that differs from the basis on which the trial court ruled. *Tommy Harral*, 486 S.W.3d at 83–84. It is not enough that the issue presented on appeal and the trial court's ruling concern the same general subject matter. *See id.* at 84. The controlling question of law presented to the court of appeals must be the same legal

_____

[1] *Accord Dafashy v. Jimenez*, No. 01-17-00767-CV, 2017 WL 6001526, at *1 (Tex. App.—Houston [1st Dist.] Dec. 5, 2017, no pet.) (per curiam) (mem. op.); *Luccia v. City of Houston*, No. 01-17-00378-CV, 2017 WL 2471107, at *1 (Tex. App.—Houston [1st Dist.] June 8, 2017, no pet.) (per curiam) (mem. op.); *Vestalia, Ltd. v. Taylor-Watson*, No. 01-15-00332-CV, 2015 WL 3799505, at *1 (Tex. App.—Houston [1st Dist.] June 18, 2015, no pet.) (per curiam) (mem. op.); *Great Am. E&S Ins. Co. v. Lapolla Indus.*, No. 01-14-00372-CV, 2014 WL 2895770, at *2 & n.2 (Tex. App.—Houston [1st Dist.] June 24, 2014, no pet.) (per curiam) (mem. op.).

issue decided by the trial court. *Id.*; *see also White Point Minerals v. Swantner*, 464 S.W.3d 884, 890–91 (Tex. App.—Corpus Christi 2015, no pet.) (declining to address second issue presented in permissive appeal because trial court had not ruled on it).

To be a controlling question of law, the question must deeply affect the ongoing litigation process. *Undavia v. Avant Med. Grp.*, 468 S.W.3d 629, 632 (Tex. App.—Houston [14th Dist.] 2015, no pet.). In general, if the viability of a claim turns on the question and the resolution of the question will considerably shorten the time, effort, and expense of litigating the suit, it qualifies as a controlling question of law. *Id.* But the question must be a legal one; a party cannot permissively appeal from a partial summary judgment if the parties dispute the material facts. *In re Estate of Fisher*, 421 S.W.3d 682, 685 (Tex. App.—Texarkana 2014, no pet.); *Diamond Prods. Int'l v. Handsel*, 142 S.W.3d 491, 494 (Tex. App.—Houston [14th Dist.] 2004, no pet.).[2]

Even if the statutory requirements are satisfied, whether to accept a permissive appeal rests in our discretion. TEX. CIV. PRAC. & REM. CODE § 51.014(f); *In re Volkswagen Clean Diesel Litig.*, 504 S.W.3d 547, 549 (Tex. App.—Austin 2016, no pet.).

---

[2] *Accord Fertitta Hospitality v. O'Balle*, No. 01-14-00193-CV, 2014 WL 5780329, at *4 (Tex. App.—Houston [1st Dist.] Nov. 6, 2014, no pet.) (mem. op.).

5

**B.      Analysis**

Orion identifies two issues for permissive interlocutory appeal:

(1) whether our opinion and judgment in the earlier appeal merely clarified the effect of Orion's termination of Cepeda on his status as a seaman or ruled that he was a seaman as a matter of law; and

(2) whether the Court intended to address any other legal prerequisites to recover as a seaman under federal maritime law.

In our opinion in the earlier appeal, we held that a worker who meets the definition of a seaman generally does not lose that status until reaching dry land, and further that fact issues existed as to the time of Cepeda's termination, essential to determining whether Orion terminated his employment aboard the vessel or after the alleged incident. *See Cepeda*, 499 S.W.3d at 581–83. We made no determination that Cepeda was a seaman as a matter of law. *See id.* The trial court had not so ruled in the earlier appeal to present that issue for our review. *See id.* at 580–81.

Orion's proposed appellate issues do not conform with the trial court's rulings on remand. On remand, the trial court did not render a ruling based on our earlier opinion. The trial court did not answer the specific questions that Orion presents in this request for a permissive appeal. Rather, the trial court granted different relief based on new legal motions brought by the parties on remand. These questions were not determined as part of the first appeal. The trial court made a finding in its amended summary-judgment order "that there are unresolved questions of law" but

6

identified just one, namely whether Cepeda was a seaman as a matter of law at the time of the alleged accident.

The trial court did not explain the basis for its interlocutory summary-judgment rulings or its determination that Cepeda had seaman status as a matter of law. Essentially, Orion invites us to review the trial court's interim rulings about the status of the plaintiff seriatim, having once considered the case on appeal from a final judgment. We decline that invitation.

To the extent that there are other unresolved questions of law, a permissive appeal is an improper vehicle for resolving them. The courts of appeals are not statutorily authorized to decide controlling questions of law in the first instance. *See Guzman*, 390 S.W.3d at 597; *Gulley*, 350 S.W.3d at 207. Rather, the trial court must do so. *See Borowski*, 432 S.W.3d at 347–48.

Orion's second appellate issue as to particular legal requirements that must be present to recover based on status as a seaman is entirely absent from the trial court's order. Their absence precludes our consideration of these requirements in a permissive appeal. *See Tommy Harral*, 486 S.W.3d at 84; *White Point Minerals*, 464 S.W.3d at 890–91.

**CONCLUSION**

We deny Orion's petition for permissive appeal.

Jane Bland
Justice

Panel consists of Justices Higley, Bland, and Massengale.