**Opinion issued November 30, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-23-00611-CV**

————————————

**MELLON REAL ESTATE, INC., Appellant**

**V.**

**MARTIN GOMEZ, Appellee**

On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Case No. 22-DCV-291322

**MEMORANDUM OPINION**

Appellant Mellon Real Estate, Inc. has filed a petition for permission to appeal the trial court's August 7, 2023 interlocutory order denying Mellon's motion for partial reconsideration of the denial of its traditional motion for

summary judgment. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d). We deny the petition.

Mellon is the owner of the mobile home park where appellee, Martin Gomez lives. After he passed out from symptoms that he alleges were the result of a pituitary tumor, Gomez was run over by his roommate who was looking for him. Gomez subsequently filed suit against Mellon and others claiming the accident was caused by the lack of lighting at the park. Gomez asserted negligence, negligence per se, vicarious liability, and in his amended original petition, premises liability.

Mellon filed a traditional motion for summary judgment on Gomez's claims, and the trial court denied the motion. Mellon sought reconsideration and subsequently, partial reconsideration of the denial of summary judgment as to Gomez's negligence per se claim. The parties filed a joint motion for reconsideration that also requested permission to appeal. On August 7, 2023, the trial court signed an amended order denying Mellon's motion for summary judgment and granting the parties' request for permission to appeal. The amended order also contained rulings on seven "controlling questions of law."

Generally, appeals may be taken only from final judgments or interlocutory orders for which appeal is authorized by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Elliott v. Davis*, No. 01-21-00673-CV, 2023 WL 4110834, at *1 (Tex. App.—Houston [1st Dist.] June 22, 2023, no pet.). Under

certain circumstances, a trial court may allow an appeal from an order that is otherwise not appealable. *See Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019). When the trial court permits an appeal from an interlocutory order, the party seeking to appeal must file a petition in the court of appeals seeking permission to appeal. *See* TEX. R. APP. P. 28.3(a).

> Section 51.014(d) of the Texas Civil Practice and Remedies Code provides:
>
> > On a party's motion or on its own initiative, a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if:
> >
> > (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and
> >
> > (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

TEX. CIV. PRAC. & REM. CODE § 51.014(d).[1] We strictly construe the requirements of Section 51.014(d). *See Orion Marine Constr., Inc. v. Cepeda*, 01-18-00323-CV, 2018 WL 3059756, at *1 (Tex. App.—Houston [1st Dist.] June 21, 2018, no pet.) (mem. op.) (citing *Gulf Coast Asphalt Co. v. Lloyd*, 457 S.W.3d 539, 545 (Tex. App.—Houston [14th Dist.] 2015, no pet.)).

---

[1] Rule 28.3 sets out the procedural requirements for a petition for permissive appeal and requires the petition to state why the order "involves a controlling question of law as to which there is a substantial ground for difference of opinion and how an immediate appeal from the order may materially advance the ultimate termination for the litigation." TEX. R. APP. P. 28.3(e)(4). Unless the appellate court orders otherwise, a petition for permissive appeal will be determined no earlier than 10 days after the petition is filed. *See* TEX. R. APP. P. 28.3(j).

The trial court's amended order contains rulings on seven questions of law, but it does not state the reason for denying Mellon's traditional motion for summary judgment.

The seven questions of law decided by the trial court are:

(1) the 2011 ordinance did not apply to Gomez's negligence per se claim;

(2) the 2011 ordinance design requirement for walks and streetlights did not apply to the Rocky Falls Mobile Home Park ("the Park") at the time of the 2020 accident made the basis of this suit;

(3) the Park was not in violation of the Walk and Streetlight design requirement at the time of the accident;

(4) the City of Richmond 2015 Uniform Development Code did not apply to Gomez's negligence per se claim;

(5) the trial court does not have subject matter jurisdiction over the negligence per se claim to the extent it is based on the 2011 ordinance;

(6) the Park was not required to have conformed to the mobile home park design requirements for Walks and Streetlights found at UDC § 4.1.204(C)(7–8) at the time of the accident; and

(7) the Park was not in violation of Walk and Streetlight design requirements of UDC § 4.1.204 at the time of the accident.

Although Mellon contends that the trial court's rulings on the seven issues required the trial court to grant summary judgment as to Gomez's negligence per se claim, the trial court does not state in its amended order that the denial of Mellon's traditional motion for summary judgment is based on the rulings on the "controlling questions of law" listed in the order. Instead, the trial court states that it is ruling on the seven questions of law, which present controlling issues as to which there is a substantial ground for difference of opinion.

4

The denial of a motion for summary judgment is not a substantive ruling on controlling questions of law under Section 51.014(d). *See Hartford Accident & Indem. Co. v. Seagoville Partners*, No. 05-15-00760-CV, 2016 WL 3199003, at *2 (Tex. App.—Dallas June 9, 2016, no pet.) (mem. op.). Case law does not provide much discussion about what constitutes a "controlling question of law." The Amarillo Court of Appeals quoted a commentator who suggested looking to federal cases interpreting similar language in the federal counterpart to Section 51.014(d). *See Austin Com., LP v. Tex. Tech Univ.*, No. 07-15-00296-CV, 2015 WL 4776521, at *1 (Tex. App.—Amarillo Aug. 11, 2015, no pet.) (mem. op.) (citing to Renee Forinash McElhaney, *Toward Permissive Appeal in Texas*, 29 St. Mary's L.J. 729, 747–49 (1998)). In that article, McElhaney explained:

> A controlling question of law is one that deeply affects the ongoing process of litigation. If resolution of the question will considerably shorten the time, effort, and expense of fully litigating the case, the question is controlling. Generally, if the viability of a claim rests upon the court's determination of a question of law, the question is controlling.... Substantial grounds for disagreement exist when the question presented to the court is novel or difficult, when controlling circuit law is doubtful, when controlling circuit law is in disagreement with other courts of appeals, and when there simply is little authority upon which the district court can rely. Generally, a district court will make [a finding that an appeal will facilitate final resolution of the case] when resolution of the legal question dramatically affects recovery in a lawsuit.

McElhaney, *Toward Permissive Appeal*, 29 St. Mary's L.J. 729 at 747 (citations omitted).

Although it ruled on the seven issues submitted by the parties, the trial court did not state that the denial of summary judgment related to these seven issues and rulings on questions of law are only controlling if they are the basis for the denial of summary judgment. "If the trial court denies a motion for summary judgment based on the existence of fact issues or the movant's failure to meet its burden on summary judgment rather than a substantive ruling on a controlling legal issue, we have no jurisdiction to review the trial court's ruling under [Section] 51.014." *Hartford*, 2016 WL 3199003, at *2; *see also City of San Antonio v. Tommy Harral Constr., Inc.*, 486 S.W.3d 77, 81 (Tex. App.—San Antonio 2016, no pet.) (noting that trial court denied motion for summary judgment with general statement of denial without stating substantive basis for denial). Thus, although the trial court denied summary judgment and ruled on seven issues labeled as "controlling," Mellon has not established that the viability of Gomez's negligence per se claim rests on the trial court's rulings on the seven questions of law, and thus, has not established that the seven issues are controlling in this case.

Moreover, Mellon has also not established that an immediate appeal from the order may materially advance the ultimate termination of the litigation. "[W]hen other issues are left pending in the litigation, ultimate termination of the

litigation is not advanced by allowing immediate appeal of an otherwise interlocutory order." *Estate of Barton*, No. 06-21-00009-CV, 2021 WL 1031540, at *5 (Tex. App.—Texarkana Mar. 18 2021, no pet.) (mem. op.). The purpose of a permissive appeal is to permit "expedited appellate disposition of focused and potentially dispositive legal questions." *Armour Pipe Line Co. v. Sandel Energy, Inc.*, No. 14-16-00010-CV, 2016 WL 514229, at *4 (Tex. App.—Houston [14th Dist.] Feb. 9, 2016, no pet.). "[P]iecemeal appellate review of ordinary interlocutory summary judgment orders" does not serve this purpose. *See Barton*, 2021 WL 1031540, at *5 (quoting *Armour*, 2016 WL 514229, at *4).

Appellate review of this order only as to Gomez's claim of negligence per se, even if successful, would leave Mellon's remaining summary judgment issues as to the premises liability claim unresolved and nothing in the record suggests that the issues before the trial court were novel, difficult, or presented a conflict among the courts of appeals. *See Barton*, 2021 WL 1031540, at *5.

For these reasons, we deny Mellon's petition for permissive appeal.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.

7