# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00673-CV

**In re Volkswagen Clean Diesel Litigation:  Texas Clean Air Act Enforcement Actions**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-GN-16-000370, HONORABLE TIM SULAK, JUDGE PRESIDING

## O P I N I O N

The State of Texas has filed an application for interlocutory appeal under Texas Civil Practice and Remedies Code section 51.014(d),[1] complaining of the district court's orders denying the State's motions to dismiss the appellee counties' lawsuits.  Appellees do not oppose the State's application.  For the reasons explained below, we deny the State's application.

The dispute underlying this proceeding concerns EPA allegations that Volkswagen manipulated emission-control equipment on certain of its diesel automobiles and misrepresented that those vehicles complied with U.S. emission laws.  In the wake of the EPA's notice of violation, more than sixty consumer and environmental lawsuits were filed against Volkswagen by the State, local governments, and private parties in Texas courts (and over 600 in federal courts across the country).  On Volkswagen's motion, the Texas Multi-District Litigation Panel transferred the

---

[1] *See* Tex. Civ. Prac. & Rem. Code § 51.014(d) ("On a party's motion . . . , a trial court in a civil action may . . . permit an appeal from an order that is not otherwise appealable if:  (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.").

Texas state cases to two MDL pre-trial courts in Travis County for "consolidated or coordinated pretrial proceedings"—one court presiding over the consumer-protection cases and the other the environmental cases.[2]

The State's application here arises from the consolidated environmental cases, which are based on Volkswagen's alleged violations of the Texas Clean Air Act. The consolidated environmental lawsuits include the State's suit filed in Travis County District Court, Travis County's intervention in the State's suit, and eighteen lawsuits brought by the other appellees in their respective counties after the State had filed its suit in Travis County. The consolidated environmental lawsuits also include suits, not at issue here, that Harris County and Fort Bend County filed in their counties before the State's suit in Travis County.

In multiple motions, the State asked the MDL pre-trial court to dismiss the nineteen counties' lawsuits on various grounds—including lack of standing, justiciable interest, capacity, and authority and also dominant jurisdiction by the Travis County district court—generally based on the State's assertion that its lawsuit against Volkswagen precluded appellees from filing separate Clean Air Act related claims. The MDL pre-trial court denied the State's motions and then granted the State permission to seek an interlocutory appeal of those orders in this Court under the CPRC's interlocutory-appeals provision.[3]

---

[2] *See* Tex. Gov't Code § 74.162 (authorizing judicial panel on multi-district litigation to "transfer civil actions involving one or more common questions of fact pending in the same or different . . . courts . . . to any district court" if the transfer will "be for the convenience of the parties and witnesses" and "promote the just and efficient conduct of the actions").

[3] *See* Tex. Civ. Prac. & Rem. Code § 51.014(f) (granting jurisdiction over appeal of certain interlocutory orders).

Subsection 51.014(d) of the CPRC's interlocutory-appeals provision authorizes a trial court to permit an immediate appeal of an interlocutory order that is "not otherwise appealable" if that order "involves a controlling question of law as to which there is a substantial ground for difference of opinion" and if "an immediate appeal from the order may materially advance the ultimate termination of the litigation."[4] Appellate courts have the discretion to accept such an interlocutory appeal if it meets these requirements and is timely filed with this Court:

> An appellate court *may accept* an appeal permitted by Subsection (d) if the appealing party, not later than the 15th day after the date the trial court signs the order to be appealed, files in the court of appeals . . . an application for interlocutory appeal explaining why an appeal is warranted under Subsection (d).[5]

The State asserts that immediate resolution of this "controlling question" would materially advance the ultimate termination of the litigation because (1) it will allow the underlying litigation against Volkswagen to proceed while determining now how to allocate any future recovery from Volkswagen, and (2) it will resolve the question of who has the authority to control the underlying litigation. On the information presented, we disagree that an interlocutory ruling on this order concerns "controlling questions" that will "materially advance the ultimate termination of the litigation."[6]

---

[4] Tex. Civ. Prac. & Rem. Code § 51.014(d) ("On a party's motion . . . , a trial court in a civil action may . . . permit an appeal from an order that is not otherwise appealable if: (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.")

[5] *Id.* § 51.014(f) (emphasis added).

[6] Tex. Civ. Prac. & Rem. Code § 51.014(d).

3

The issues on which the State relies to justify permissive interlocutory appeal involve disputes between plaintiffs over control of the litigation and its spoils. While these issues may be important to the Plaintiffs' strategy and division of damages, if any, they do not dispose of controlling questions of law in the litigation because they do not implicate or advance the determination of liability, damages, or the viability of the underlying claims against Volkswagen for its alleged violations of the Clean Air Act.[7] As such, immediate resolution of the State's motions would not "materially advance the ultimate termination of the litigation."[8]

We deny the State's application for permissive appeal.

_____
Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Filed: November 4, 2016

---

[7] *See Gulf Coast Asphalt Co., L.L.C. v. Lloyd*, 457 S.W.3d 539, 544–45 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing Renee Forinash McElhaney, *Toward Permissive Appeal in Texas*, 29 St. Mary's L.J. 729, 747–49 (1998) (describing question as controlling if viability of claim rests upon court's determination of question of law)).

[8] Tex. Civ. Prac. & Rem. Code § 51.014(d)(2); *see* McElhane, *supra* note 8; 16 *Wright & Miller*, *Federal Practice & Procedure* § 3930 (3d ed.) (discussing federal permissive interlocutory appeal provision, which includes same "materially advance the ultimate termination of the litigation" requirement). In fact, even if all the appellee counties' cases were dismissed, Harris County's and Fort Bend County's cases would still remain in the MDL litigation.