# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00709-CV

**GTE Southwest Incorporated d/b/a Verizon Southwest now d/b/a
Frontier Communications, Petitioner**

**v.**

**Allstate Insurance Company; Encompass Insurance Company; State Farm Lloyds;
State Farm County Mutual Insurance Company; Cincinnati Insurance Company;
Amy Beilharz; David Beilharz; Z-Labs, Inc. d/b/a Cypress Valley Canopy Tours;
United Service Automobile Association; USAA Casualty Insurance Company;
USAA General Indemnity Company; USAA Texas Lloyds Insurance Company;
Garrison Property and Casualty Insurance Company; Farmers Insurance Exchange;
Farmers Texas County Mutual Insurance Company; Texas Farmers Insurance Company;
Foremost Insurance Company; Foremost Lloyds of Texas Insurance Company;
Foremost County Mutual Insurance Company; Chubb Lloyd's Insurance Company of
Texas; The American Insurance Company; Travelers Casualty Insurance Company of
America; Travelers Lloyds of Texas Insurance Company; The Travelers Home and Marine
Insurance Company; Germania Insurance Companies; Germania Farm Mutual Insurance
Association; Germania Select Insurance Company; and Germania Insurance Company as
Subrogee of Debbie Cazalas, Kimberly Goree, Jesse Kennedy, Kristy L. Quigley, and
Mark Shank, Respondents**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. D-1-GN-14-002622, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

GTE Southwest Incorporated d/b/a Verizon Southwest now d/b/a Frontier

Communications (Verizon) has filed an application for interlocutory appeal under Texas Civil

Practice and Remedies Code section 51.014(d), complaining of the trial court's order denying its

amended no-evidence motion for summary judgment and amended traditional motion for partial

summary judgment. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d) ("On a party's motion . . . , a trial court in a civil action may . . . permit an appeal from an order that is not otherwise appealable if: (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation."); *see also* Tex. R. App. P. 28.3(e)(4) (requiring contents of application to include arguments as to why order to be appealed meets requirements of section 51.014(d)).  Respondents oppose the application.

Appellate courts have discretion to accept or refuse to hear a permissive appeal.  *See* Tex. Civ. Prac. & Rem. Code § 51.014(f) (providing that appellate court "may accept an appeal permitted by Subsection (d)"); *In re Volkswagen Clean Diesel Litig.*, ___ S.W.3d ___, No 03-16-00673-CV, 2016 Tex. App. LEXIS 11978, at *4, (Tex. App.—Austin Nov. 4, 2016); *Ho v. Johnson*, No. 09-15-00077-CV, 2016 Tex. App. LEXIS 1668, at *2 (Tex. App.—Beaumont Feb. 18, 2016, pet. denied) (mem. op.).  Having considered Verizon's application, Respondents' response, and Verizon's reply, we conclude that Verizon's application for permissive appeal fails to establish that the order to be appealed involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.  *See* Tex. Civ. Prac. & Rem. Code § 51.014(d); *Southwestern Energy Co. v. Harris Cty. Appraisal Dist.*, No. 14-16-00726-CV, 2016 Tex. App. LEXIS 12014, at * 1 (Tex. App.—Houston [14th Dist.] Nov. 8, 2016, no pet. h.) (mem. op); *Johnson v. Walters*, No. 14-15-00759-CV, 2015 Tex. App. LEXIS 11772, at *1–2 (Tex.

App—Houston [14th Dist.] Nov. 17, 2015, no pet.) (mem. op).  We deny Verizon's application for permissive appeal.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Denied

Filed:   December 8, 2016