# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00718-CV

### In re Volkswagen Clean Diesel Litigation: Texas Clean Air Act Enforcement Cases

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-GN-16-000370, HONORABLE TIM SULAK, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

Volkswagen Group of America, Inc. and Porsche Cars North America, Inc., (collectively, "Volkswagen") have filed a motion to stay all proceedings in the underlying multi-district litigation (MDL) pre-trial court[1] pending resolution of the State's interlocutory appeal of the MDL court's denial of its plea to the jurisdiction.[2] In its motion, Volkswagen asserts that the automatic stay applicable to such interlocutory appeals operates to stay proceedings in all of the cases transferred to the MDL pretrial court, not just the proceedings in the individual cases in which the State has filed an interlocutory appeal.[3] We agree.

---

[1] For additional background information regarding the MDL proceeding *see In re Volkswagen Clean Diesel Litig.: Texas Clean Air Enf't Actions*, __S.W.3d__, No. 03-16-00673-CV, 2016 WL 6575241 (Tex. App.—Austin Nov. 4, 2016) (denying State's application for permissive interlocutory appeal).

[2] *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (authorizing interlocutory appeal from denial of State's plea to the jurisdiction).

[3] *See id.* § 51.014(b) ("An interlocutory appeal under Subsection (a) . . . (8) . . . stays all other proceedings in the trial court pending resolution of that appeal.").

"An interlocutory appeal [of an order granting or denying a plea to the jurisdiction by a governmental unit] stays the commencement of a trial in the trial court proceeding" and, relevant here, "stays all other proceedings in the trial court" pending final determination of the appeal.[4]  The State argues that this provision stays proceedings only in those causes of action in which the State has filed an interlocutory appeal, and not the proceedings in those causes where no appeal has been taken.  But even in a limited legal context, the word "proceeding" requires broad interpretation.[5]  It can encompass "the various stages of the progress of a lawsuit,"[6] or it can extend beyond the parameters of a single "lawsuit" or "action" to refer generally to "the business conducted by a court."[7]  Considering the automatic-stay provision in the context of MDL pre-trial litigation—i.e., several separate causes of action transferred to a district court for consolidated or coordinated consideration of pre-trial matters—"all other proceedings in the trial court" necessarily encompasses all the activities and hearings in the MDL pretrial court case, not only the proceedings in the individual causes of action before the MDL pretrial court that are subject to the State's interlocutory appeal.  And in fact, the MDL pre-trial court here treats these cases as one, having

---

[4]  Tex. Civ. Prac. & Rem. Code § 51.014(b).

[5]  *See Mellon Serv. Co. v. Touche Ross & Co.*, 946 S.W.2d 862, 868–69 & n7 (Tex. App.—Houston [14th Dist.] 1997, no writ)

[6]  *American Maint. & Rentals, Inc. v. Estrada*, 896 S.W.2d 212, 218 (Tex. App.—Houston [1st Dist.] 1995, no writ).

[7]  *Proceeding*, *Black's Law Dictionary* (10th ed. 2014) (also referencing that "'proceeding'" is "'a word much used to express the business done in courts.  A proceeding in court is an act done by the authority or direction of the court, express or implied.  It is more comprehensive than the word "action," but it may include in its general senses all the steps taken or measures adopted in the prosecution or defense of an action.'" (quoting Edwin E. Bryant, *The Law of Pleading Under the Codes of Civil Procedure* 3–4 (2d ed. 1899)).

2

docketed the cases under a single cause number. Moreover, to interpret this provision otherwise would seriously hamper the purposes of "promot[ing] the just and efficient conduct of the [transferred] cases" as espoused by the MDL rules.[8]

The State asserts, in a motion to strike Volkswagen's motion as an improperly filed original proceeding, that an original proceeding is the only available avenue for the relief Volkswagen seeks. In support of this assertion, the State points to Volkswagen's argument to the trial court that "Mandamus relief is the appropriate remedy when a trial court refuses to recognize or enforce the automatic stay provided by section 51.014(b)," and to the fact that every case cited by Volkswagen in support of its request for relief involves an original proceeding.[9] But we find no authority supporting the State's position that an original proceeding is the *only* avenue for the relief sought by Volkswagen here. We also disagree with the State's alternative argument that we lack jurisdiction over Volkswagen's motion because "Volkswagen was not a party to the pleas to the jurisdiction," citing to Rule 25.1's grant of appellate jurisdiction "over all parties to the trial court's judgment or order appealed from."[10] If for no other reason than the fact that Volkswagen is a named defendant in each of those orders, Volkswagen is a party to the trial court's order.

---

[8] Texas Rule of Judicial Administration 13. The rules of judicial administration have been codified in the government code. *See* Tex. Gov't Code, tit. 2, subtit. F.

[9] *See, e.g.*, *Swanson v. Town of Shady Shores*, Nos. 02-15-00351-CV & 02-15-00356-CV, 2016 WL 4395779, at *4 (Tex. App.—Fort Worth Aug. 18, 2016, no pet. h.) (orig. proceeding); *In re Texas Educ. Agency*, 441 S.W.3d 747, 750 (Tex. App.—Austin 2014) (orig. proceeding).

[10] Tex. R. App. P. 25.1(b).

3

We deny the State's motion to strike, grant Volkswagen's motion to stay, and order that all proceedings in the MDL pre-trial court cause number D-1-GN-16-000370 are stayed pending resolution of the State's interlocutory appeal.

It is ordered on January 11, 2017.

Before Chief Justice Rose, Justices Field and Bourland