In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00326-CV**
_____

**MID-CONTINENT CASUALTY COMPANY, Appellant**

**V.**

**HARRIS COUNTY MUNICIPAL UTILITY DISTRICT NO. 400, Appellee**

_____

**Original Proceeding**
**457th District Court of Montgomery County, Texas**
**Trial Cause No. 19-10-13793-CV**
_____

**MEMORANDUM OPINION**

Mid-Continent Casualty Company ("Mid-Continent") petitioned this Court to allow a permissive appeal of the trial court's October 5, 2021 Amended Order Denying Defendant's Motion for Summary Judgment. *See* Tex. R. App. P. 28.3(a). Mid-Continent filed a traditional and no-evidence motion for summary judgment. The trial court denied the motion for summary judgment without explanation, but noted

1

[t]he controlling questions of law include, but are not limited to: (1) whether insurer, Mid-Continent Casualty Company, had a duty to reimburse its insureds for fees and expenses incurred by attorneys chosen by the insureds, and not by Mid-Continent, to defend the insureds in an underlying lawsuit; and (2) whether Mid-Continent had a duty to reimburse its insureds for the costs they incurred in hiring separate counsel to defend each insured in an underlying case.

To perfect a permissive appeal from an interlocutory order that is not otherwise appealable, the appellant, when in the trial court, must establish "(1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion[,] and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d). Here, the trial court in its order on the motion for summary judgment provides no basis for its denial, and the record before us fails to show that the trial court made a substantive ruling on the alleged controlling questions of law sought to be appealed. "The legislature's institution of this procedure authorizing a trial court to permit an immediate appeal of an interlocutory order is [] premised on the trial court having first made a substantive ruling on the controlling legal issue being appealed." *Borowski v. Ayers*, 432 S.W.3d 344, 347 (Tex. App.—Waco 2013, no pet.); *see also Luccia v. City of Houston*, No. 01-17-00378-CV, 2017 Tex. App. LEXIS 5273, at *1 (Tex. App.—Houston [1st Dist.] June 8, 2017, no pet.) (per curiam) (mem op.) ("The petition fails to meet these requirements because, among other problems, the order appealed from [] does not

2

explain why it denied both parties' motions for summary judgment, and though it identified four controlling questions of law, the trial court did not rule on any of them."); *McCroskey v. Happy State Bank*, No. 07-14-00027-CV, 2014 Tex. App. LEXIS 2382, at \*\*3-4 (Tex. App.—Amarillo Feb. 28, 2014, no pet.) (mem. op.) (the record must show "that the trial court ruled on the specific legal issues presented for [appellate court] to decide."); *The Corp. of the President of the Church of Jesus Christ of Latter-Day Saints v. Doe*, No. 13-13-00463-CV, 2013 Tex. App. LEXIS 12543, at \*8 (Tex. App.—Corpus Christi Oct. 10, 2013, no pet.) (mem. op.) ("Without a substantive ruling by the trial court as to why it denied the [] motion, no controlling question of law has been presented for our analysis."); *Double Diamond Del., Inc. v. Walkinshaw*, No. 05-13-00893-CV, 2013 Tex. App. LEXIS 12447, at \*4 (Tex. App.—Dallas Oct. 7, 2013, no pet.) (mem. op.) ("Inherent in these jurisdictional requirements is that the trial court make a substantive ruling on the specific legal question presented on appeal.").

The order denying the motion for summary judgment in our record is silent as to the basis for the trial court's denial and nothing in the record shows the trial court made a substantive ruling on any of the legal issues presented. Therefore, this interlocutory appeal does not meet the requirements of section 51.014(d). Additionally, even if the statutory requirements are satisfied, whether to accept a permissive appeal rests in our discretion. Tex. Civ. Prac. & Rem. Code Ann.

§ 51.014(f); *In re Volkswagen Clean Diesel Litig.*, 504 S.W.3d 547, 549 (Tex. App.—Austin 2016, no pet.).

After reviewing the Amended Order Denying Defendant's Motion for Summary Judgment, as well as the petition and the response filed by Harris County Municipal Utility District No. 400, and the record before us, we conclude that Mid-Continent's petition for permissive appeal fails to establish the grounds necessary to support a permissive appeal. *See* Tex. R. App. P. 28.3(e)(4). We deny Mid-Continent's petition for a permissive appeal.

PETITION DENIED.

PER CURIAM

Submitted on December 29, 2021
Opinion Delivered December 30, 2021

Before Golemon, C.J., Horton and Johnson, JJ.

4